STATE *v.* ANDREW ROSENTHAL.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed May 30, 1903.

*City ordinance—Carrying weapons—Validity.*

Section 10 of the ordinances of the city of Rutland, so far as it relates to the carrying of a pistol, is repugnant to the Constitution and laws of the State, and void.

COMPLAINT for violation of an ordinance of the City of Rutland. Heard on respondent's demurrer to the complaint, in the Municipal Court of that city, *Howe,* Judge. Demurrer overruled *pro forma,* and complaint adjudged sufficient. The respondent excepted.

*Joel C. Baker* for the respondent.

The ordinance in question was passed under the general clause of the city charter, and not by special authority conferred.   V. S. 4922, 4923, 4924, 4925 and 4926 cover the subject matter of carrying weapons in this State.   The ordinance is inconsistent with, and repugnant to, these statutes, and therefore void.   1 Dil. Mun. Corp., s. 319; *Wood* v. *Brooklyn,* 14 Barb. 425; *Southport* v. *Ogden,* 23 Conn. 128; *Murphy* v. *Jacksonville,* 18 Fla. 318; *Robinson* v. *Mayor,* etc., 1 Humphrey, 156; Note to 34 Am. Dec. 627.

The carrying of fire-arms for one's defense is a fundamental right of a citizen.   The ordinance is repugnant to the Constitution.   Constitution, ch. 1, s. 16; Tiedman Mun. Corp. s. 150; *Mayor, etc.* v. *Nichols,* 4 Hill. 209; *Commonwealth* v. *Turner,* 1 Cush. 493; *Newton* v. *Belger,* 143 Mass. 598; *Losier* v. *Newark,* 48 N. J. L. 452.

*Wm. H. Preston,* State's Attorney, for the State.

Under the general provisions of the charter, the city may pass reasonable by-laws, upon all matters outside of those expressly granted, necessary for the well being of the city, not inconsistent with the Constitution and laws of the State.   Dil. Mun. Corp., s. 316.

The Constitution gives the people a right to bear arms for the defense of themselves and the State.   This by-law does not prevent one from carrying a pistol in defense, only it must not be concealed.   21 Minn. 201; Dil. Mun. Corp., s. 329, notes.

Nor is the by-law inconsistent with the laws of this State. It supersedes the existing general law on the subject.   59 Vt. 300; 31 Barb. 282; 38 Hunn. 82; 1 Wend. 237.

WATSON, J.   Section 10 of the ordinances of the city of Rutland provides that no person shall carry within the city any steel or brass knuckles, pistol, slung-shot, stiletto, or weapon of similar character, nor carry any weapon concealed on his person, without permission of the mayor or chief of police, in writing, and for a violation thereof a penalty is provided by a subsequent section.

A complaint was filed against the respondent, in the City Court, for carrying within the city, in violation of said ordinance, a pistol loaded with powder and bullets, concealed on his person, without such permission.

On demurrer to the complaint, the respondent contends, among other things, that said ordinance is illegal, for that, so far as it forbids the carrying of a pistol, it is repugnant to and inconsistent with the Constitution and the laws of this State.

Section 24 of the city charter gives the city council power to make, establish, alter, amend, or repeal ordinances, regulations and by-laws, not inconsistent with the charter or with the Constitution or laws of the United States or of this State, for the purposes enumerated, and to inflict as a penalty for a violation thereof, a fine not exceeding fifty dollars.   After the special designations, is the general clause, "And said city council may make and establish, and the same alter, amend or repeal, any other by-laws, rules and ordinances which they deem necessary for the well being of said city and not repugnant to the Constitution or laws of this State."

Power to make the ordinance in question was not expressly given to the council, and they had no power to make it, beyond what is given under the general clause above quoted.

The people of the State have a right to bear arms for the defense of themselves and the State.   Const. c. 1, Art. 16. But by V. S. 4922, a person is prohibited from carrying a dan-

gerous or deadly weapon, openly or concealed, with the intent or avowed purpose of injuring a fellow man; and by section 4923, no person can carry or have in his possesion any fire-arm, dirk knife, bowie knife, dagger or other dangerous or deadly weapon, while a member of, and in attendance upon, a school. Section 4924 provides a penalty for intentionally, without malice, pointing a fire-arm toward another person, and for discharging such fire-arm so pointed, without injury to another person; and by section 4925 a punishment is inflicted where another person is maimed or injured by the discharge of such fire-arm. But section 4926 provides that the two preceding sections shall not apply where fire-arms are used in self-defense, or in the discharge of official duty, or in case of justifiable homicide.

Under the general laws, therefore, a person not a member of a school, may carry a dangerous or deadly weapon, openly or concealed, unless he does it with the intent or avowed purpose of injuring another; and a person who is a member of a school, but not in attendance upon it, is at liberty, in a similar way, to carry such weapons.

In *State* v. *Carleton,* 48 Vt. 636, it was held that the owner of land, having the right to use reasonable force in expelling a trespasser therefrom, had the right to go prepared to defend himself against any assault that the trespasser might make upon him while in the exercise of that right; and that if he only intended to use a pistol in such an emergency in defending his own life, or against the infliction of great bodily harm, the carrying of the pistol for such purpose would be lawful.

By the ordinance in question, no person can carry such weapon concealed on his person within the city of Rutland in any circumstances, nor for any purpose, without the permission,

of the mayor or chief of police in writing. Therein neither the intent nor purpose of carrying them enters into the essential elements of the offense. Simply to carry them concealed without such permission constitutes a violation of the ordinance. But if a permission is procured from either of those officials, there is no violation of the ordinance, even though the carrying of the weapon be with the intent or avowed purpose of injuring another person; and that a person is a member of a school, and in attendance upon it, forms no exception. Consequently, unless a special permission is granted by the mayor or chief of police for that purpose, a person is prohibited from carrying such weapons in circumstances where the same is lawful by the Constitution and the general laws of the State; and there is nothing in the ordinance to prevent the granting of such permission, notwithstanding it be in circumstances to constitute a crime under the general laws. The result is that Ordinance No. 10, so far as it relates to the carrying of a pistol, is inconsistent with, and repugnant to, the Constitution and the laws of the State, and it is therefore, to that extent, void. Whether this renders the whole ordinance illegal, or whether it contains any other invalid provisions, are questions not now before the Court.

*Judgment reversed, and sentence set aside, demurrer sustained, complaint adjudged insufficient and quashed, the respondent discharged and let go without day.*