485 P.2d 737

**CITY OF LAS VEGAS, Plaintiff-Appellee,**

v.

**Leland James MOBERG, Defendant-Appellant.**

**No. 639.**

Court of Appeals of New Mexico.

May 14, 1971.

**627**

Leon Karelitz, Las Vegas, for defendant-appellant.

Roberto L. Armijo, Las Vegas, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

The defendant, Moberg, was convicted by the municipal court of the City of Las Vegas of violating the city ordinance No. 3–3, which reads as follows:

"DEADLY WEAPONS. It shall be unlawful for any person to carry deadly weapons, concealed or otherwise, on or about their persons, within the corporate limits of the City of East Las Vegas. Deadly weapons shall consist of all kinds of guns, pistols, knives with blades longer than two and half inches, slingshots, sandbags, metallic knuckles, concealed rocks, and all other weapons, by whatever name known, with which dangerous wounds can be inflicted."

The complaint charged the defendant with the violation of the ordinance by number and specifically by "carrying a concealed and deadly weapon." Following conviction by the municipal court, defendant appealed to the district court and was there accorded a trial "de novo" (§ 38–1–13, N.M.S.A.1953, (Rpl. Vol. 6).

The evidence presented at the trial in the district court established, without dispute, that defendant went to the booking room of the city police department of the city of Las Vegas to report the theft of certain items from his automobile. At the time, defendant was carrying a pistol in a holster. The pistol was in plain view at all times. It appears that both parties at the trial in the district court treated the complaint as charging simply the carrying of a deadly weapon. No contention is made that the evidence supported the carrying of a concealed weapon. Defendant was found guilty by the district court of violating the particular ordinance through carrying a deadly weapon, which, in this case, as stated, was in plain view. Sentence was imposed.

Defendant has appealed and challenges the constitutionality of the ordinance as it is applied to carrying arms openly and in plain view. He asserts that in this respect the ordinance is repugnant to Article II, Section 6 of the Constitution of the State of New Mexico. This section provides:

"The people have the right to bear arms for their security and defense, but nothing herein shall be held to permit the carrying of concealed weapons."

It is a generally accepted principle that a municipal ordinance which denies rights protected by constitutional guaranty is void to the extent, at least, that it purports to deny such rights. Berger v. City and County of Denver, 142 Colo. 72, 350 P.2d 192 (1960); City of Fort Worth v. Atlas Enterprises, 311 S.W.2d 922 (Tex.Civ. App.1958); State v. Hart, 66 Idaho 217, 157 P.2d 72 (1945). 5 E. McQuillin, Municipal Corporations, § 19.03, (1969 Revised Edition).

Ordinances prohibiting the carrying of concealed weapons have generally been held to be a proper exercise of police power. State v. Hart, *supra*; Davis v. State, 146 So.2d 892 (Fla.1962).

Such ordinances do not deprive citizens of the right to bear arms; their effect is only to regulate the right. As applied to arms, other than those concealed, the ordinance under consideration purports to completely prohibit the "right to bear arms."

It is our opinion that an ordinance may not deny the people the constitutionally guaranteed right to bear arms, and to that extent the ordinance under consideration is void. State v. Rosenthal, 75 Vt. 295, 55 A.

610 (1903); and see In re Brickey, 8 Idaho 597, 70 P. 609 (1902); State v. Woodward, 58 Idaho 385, 74 P.2d 92 (1937); State v. Kerner, 181 N.C. 574, 107 S.E. 222 (1921).

The case against defendant should be dismissed and defendant discharged.

It is so ordered.

WOOD and SUTIN, JJ., concur.