572 P.2d 1270
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Phillip Ray MONTOYA,
Defendant-Appellant.**

**No. 3056.**

Court of Appeals of New Mexico.

Dec. 6, 1977.

Jerry M. Ginsburg, Ginsburg, Burnett & Rothstein, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Sam J. G. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves the meaning and constitutionality of the statute prohibiting the carrying of a firearm into a licensed liquor establishment. We discuss: (1) what constitutes the offense, (2) the right to bear arms, and (3) the asserted vagueness of the statute.

The statute, enacted as Laws 1975, ch. 149, reads:

RELATING TO CRIMES; PROHIBITING THE CARRYING OF A FIREARM ON PREMISES LICENSED FOR DISPENSING ALCOHOLIC BEVERAGES; PROVIDING EXCEPTIONS; PROVIDING FOR POSTING OF NOTICES; PRESCRIBING A PENALTY.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

Section 1. A new Section 40A–7–2.1 NMSA 1953 is enacted to read:

"40A–7–2.1. UNLAWFUL CARRYING OF A FIREARM INTO LICENSED LIQUOR ESTABLISHMENTS.—

A. Unlawful carrying of a firearm into an establishment licensed to dispense alcoholic beverages consists of carrying a loaded or unloaded firearm into any premises licensed by the department of alcoholic beverage control for the dispensing of alcoholic beverages, except:

(1) by a law enforcement officer in the lawful discharge of his duties;

(2) by the owner, lessee, tenant or operator of the licensed premises or their agents, including privately employed security personnel during the performance of their duties;

(3) by a person in that area of the licensed premises usually and primarily rented on a daily or short term basis for sleeping or residential occupancy, including hotel or motel rooms; or

(4) by a person on that area of a licensed premises primarily utilized for vehicular traffic or parking.

B. Whoever commits unlawful carrying of a firearm into an establishment licensed to dispense alcoholic beverages is guilty of a fourth degree felony."

Section 2. FURNISHING COPIES—POSTING.—The director of the department of alcoholic beverage control shall, by November 1, 1975, furnish copies of a poster prohibiting the carrying of a firearm on the premises in such form as prescribed by the director, without cost, to all persons licensed to sell or serve alcoholic beverages and require, by rule or regulation, that the licensees post the furnished copy in a conspicuous place on their premises.

Section 1 is compiled as § 40A–7–2.1, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1975). Section 2 appears in the annotation to § 40A–7–2.1, supra.

## What Constitutes the Offense?

■ The evidence is uncontradicted that defendant carried a loaded, concealed weapon into a lounge and that the lounge was licensed to dispense alcoholic beverages. There is no claim that any of the exceptions of Section 1 are applicable.

Defendant claims his conviction for violating Section 1 should be set aside because of Section 2. Specifically, he claims his *motion for a directed verdict should have been granted* because the prosecution failed to prove the lounge had been posted as provided in Section 2. Alternatively, defendant claims the trial court erred in refusing a requested instruction which, indirectly, would have included the posting of notice as an element of the offense.

The provisions of Section 2 are administrative provisions for giving notice of what was a change in New Mexico law. See *United States v. Romero*, 484 F.2d 1324 (10th Cir. 1973). Section 2 is directed to the director of the department of alcoholic beverage control and to persons licensed to sell or serve alcoholic beverages. Section 2 does not state the elements of the offense; the elements of the offense are stated in the opening paragraph of Section 1(A). The prosecution was not required to prove compliance with Section 2, and defendant's requested instruction involving Section 2 was properly refused.

## The Right to Bear Arms

■ N.M.Const., Art. II, § 6, as amended in 1971, reads:

No law shall abridge the right of the citizen to keep and bear arms for security and defense, for lawful hunting and recreational use and for other lawful pur-

poses, but nothing herein shall be held to permit the carrying of concealed weapons.

Innuendo in defendant's brief is to the effect that the constitutionality of the statute is affected by this constitutional provision. We disagree. There is no claim that the statute violates N.M.Const., Art. II, § 6. As to the merits of any such claim, see *United States v. Romero,* supra; *State v. Reid,* 1 Ala. (new series) 612 (1840); *State v. Dawson,* 272 N.C. 535, 159 S.E.2d 1 (1968); *State v. Kerner,* 181 N.C. 574, 107 S.E. 222 (1921). Such a claim would be a matter of defense to be raised at trial. *People v. Blue,* 544 P.2d 385 (Colo.1975); see *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977). No issue concerning N.M.Const., Art. II, § 6, was raised at the trial. N.M. Crim.App. 308.

*Asserted Vagueness*

■ A statute violates due process if it is so vague that persons of common intelligence must necessarily guess at its meaning. *State v. Najera,* 89 N.M. 522, 554 P.2d 983 (Ct.App.1976).

■ Defendant claims that Section 1 of the statute is unconstitutionally vague on its face. He asserts that persons of common intelligence would necessarily have to guess as to which "establishments" are covered by the statute.

Section 1 of the statute applies to "any premises licensed by the department of alcoholic beverage control for the dispensing of alcoholic beverages". The premises covered are premises licensed for dispensing alcoholic beverages. Defendant claims that "dispensing" is unconstitutionally vague. We disagree.

Section 1 refers to premises licensed by the department of alcoholic beverage control. Alcoholic beverages are regulated in Chapter 46 of N.M.S.A. 1953. Section 1 and Chapter 46 pertain to the same subject and are in pari materia. But to what extent? See *Albuquerque Nat. Bank v. Commissioner of Revenue,* 82 N.M. 232, 478 P.2d 560 (Ct.App.1970).

Section 1 does not refer to a particular type of license; it applies to "any premises licensed" for dispensing; it is not limited to a "dispenser's license". Section 46–5–2, N.M.S.A. 1953 (Repl.Vol. 7, Supp.1975). Section 1 is to be read with § 46–1–1(Q), N.M.S.A. 1953 (Repl.Vol. 7, Supp.1975) which defines dispenser to mean:

[A]ny person selling, offering for sale or having in his possession with intent to sell, alcoholic liquors by the drink or in packages.

Section 1 covers premises licensed by the department of alcoholic beverage control to sell, offer for sale, or possess with intent to sell, alcoholic liquors by the drink or in packages. Section 1 is not unconstitutionally vague on its face because it gives fair warning of the premises where firearms may not be carried. *State v. Najera,* supra.

■ Defendant also contends that the statute was unconstitutionally vague as applied to him. He claims the prosecution was required to prove "the appellant had or should have had notice that he had entered a regulated area." We have previously pointed out that the elements of the offense are stated in Section 1(A). There is nothing in that section and nothing in the entire statute that requires a defendant to have notice before a conviction could be sustained. Absent such a requirement, the general rule is applicable. That general rule is that ignorance of the law is not a defense. See *United States v. International Min. & Chem. Corp.,* 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971).

■ Additional issues were listed in the docketing statement but were not briefed. The nonbriefed issues were abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.