619 P.2d 185

**STATE of New Mexico, Petitioner,**

v.

**Marty Mario SOTO, Respondent.**

No. 13060.

Supreme Court of New Mexico.

Oct. 30, 1980.

Rehearing Denied Nov. 21, 1980.

Jeff Bingaman, Atty. Gen., John F. Kennedy, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

The issues presented on certiorari in this case are:

1. Whether the language "licensed by the department of alcoholic beverage control" is an essential element of the offense of unlawfully carrying a firearm in a licensed liquor establishment, Section 30–7–3, N.M.S.A. 1978, and as such is required to be included in a jury instruction on the offense; and

2. Whether the testimony by the owner that his bar was a licensed liquor establishment and a copy of a duplicate license signed by the clerk of the Board of County Commissioners, Bernalillo County, were sufficient evidence that the bar was an establishment licensed to dispense alcoholic beverages.

The defendant was convicted of unlawfully carrying a firearm in a licensed liquor establishment. Two police officers testified that they saw the defendant with a revolver in the Rio Bravo Bar on the evening of August 4, 1978. The owner of the bar testified that it was a licensed liquor establishment on that date and a copy of a duplicate license signed by the clerk of the board of county commissioners was admitted into evidence as State's Exhibit 1.

Defendant appealed the conviction on the grounds that (1) a license issued by the department of alcoholic beverage control is an essential element of the crime and omission by the trial court of this element from the jury instruction was reversible error, and (2) the State failed to prove that the premises were licensed by the department and so the trial court thus erred in denying the defendant's motion for directed verdict. The Court of Appeals agreed with the defendant and reversed the conviction. Certiorari was granted by this Court. We re-

82

verse the Court of Appeals and affirm the district court's conviction of the defendant.

 The applicable portion of the criminal statute involved is as follows:

A. Unlawful carrying of a firearm in an establishment licensed to dispense alcoholic beverages consists of carrying a loaded or unloaded firearm on any premises *licensed by the department of alcoholic beverage control* for the dispensing of alcoholic beverages . . . . (Emphasis added.)

§ 3–7–3, N.M.S.A. 1978. The trial court instructed the jury that the State had to prove that:

2. The Rio Bravo Bar, at the time the defendant carried the firearm, was an establishment licensed to dispense alcoholic beverages.

Jury Instruction No. 1A. On appeal the State argues that the above underlined language is not an essential element of the crime and, therefore, need not be included in the jury instruction. We agree. The statutory phrase "consists of carrying a loaded or unloaded firearm on any premises licensed by the department of alcoholic beverage control" merely defines the previous phrase "unlawful carrying of a firearm in an establishment licensed to dispense alcoholic beverages . . . ." A failure to give a definitional instruction cannot be elevated to a failure to instruct on an essential element. *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct.App.1977), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977). The Court of Appeals in *State v. Montoya*, 91 N.M. 262, 264, 572 P.2d 1270, 1272 (Ct.App.1977) explained what constituted the offense:

The evidence is uncontradicted that defendant carried a loaded, concealed weapon into a lounge and that the lounge was licensed to dispense alcoholic beverages.

.     .     .     .     .

. . . [T]he elements of the offense are stated in the opening paragraph of Section 1(A).

Accordingly, we hold that the instructions given in this case were sufficient to cover the elements of the offense.

 The State's second argument is that proof presented by the State was sufficient to establish that the Rio Bravo Bar was a licensed liquor establishment. We agree. The state's *prima facie* case required proof of licensing. This burden was satisfied by the testimony of the owner of the bar and by a copy of the license. The burden then shifted to defendant to introduce evidence that the establishment was not properly licensed. Since defendant produced no contradicting evidence, the State satisfied its burden of proof and the trial court properly denied defendant's directed verdict.

Clearly, the purpose of the statute is to protect innocent patrons of businesses held out to the public as licensed liquor establishments. There is ample evidence to show, and the jury found, that the defendant was in such an establishment while carrying a firearm and was therefore guilty of the crime as charged.

For the foregoing reasons the Court of Appeals is reversed, and the conviction of the defendant at the trial court level is affirmed.

EASLEY, Senior Justice, and PAYNE, FEDERICI and FELTER, JJ., concur.