669 P.2d 261

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Marvin DEES, Defendant-Appellant.**

No. 7134.

Court of Appeals of New Mexico.

Sept. 1, 1983.

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

W. Gilbert Bryan, Hobbs, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Defendant was convicted of carrying a firearm into a licensed liquor establishment in violation of NMSA 1978, § 30–7–3. His single point on appeal is as follows:

Does § 30–7–3, N.M.S.A. (1978) abridge the right of a citizen to carry a firearm for defense in violation of Article II; § 6, of the Constitution of New Mexico?

We hold that it does not, and affirm the judgment and conviction.

N.M. Const. art. II, § 6 provides:

No law shall abridge the right of the citizen to keep and bear arms for security and defense, for lawful hunting and recreational use and for other lawful purposes, but nothing herein shall be held to permit the carrying of concealed weapons.

Prior to amendment in 1971, the provision read:

The people have the right to bear arms for their security and defense, but nothing herein shall be held to permit the carrying of concealed weapons.

The challenged statute prohibits carrying a loaded or unloaded firearm in a licensed liquor establishment, except by a law enforcement officer in the lawful discharge of his duties; by the owner or agents of the owner during the performance of their duties; or by other excepted personnel in hotel or parking areas of the premises.

The current language of art. II, § 6 is unique. The related United States constitutional provision, amendment II, is not similar. It provides:

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

See *United States v. Miller*, 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939), (the Second Amendment guarantees the right to keep and bear a firearm that does not have "some reasonable relationship to the preservation or efficiency of a well regulated militia"). Although the federal Second Amendment's history is grounded squarely on the notion of a civilian militia, clearly New Mexico's provision is broader than that.

Before passage of the amendment changing the language of art. II, § 6 of our state constitution, this court held, in *City of Las*

*Vegas v. Moberg,* 82 N.M. 626, 627, 485 P.2d 737 (Ct.App.1971), that a municipal ordinance prohibiting the carrying of a deadly weapon within the municipality "den[ied] the people the constitutionally guaranteed right to bear arms, and to that extent the ordinance under consideration is void." Defendant argues that the 1971 amendment was in response to the *Moberg* decision and was to prohibit any regulation of one's right to bear arms. Our research [1] leads us to reach a different conclusion. A provision in the revised New Mexico Constitution proposed by the 1969 Constitutional Convention was virtually identical to the 1971 amendment.[2] It was adopted by a majority of the Convention delegates in opposition to a proposal by some urban delegates to constitutionally provide for gun registration and control. The proposed constitution, submitted as a whole to popular vote, failed in the 1969 special election. Thereafter, in the 1971 session of the legislature (before the May 1971 decision in *Moberg*), a resolution was introduced to submit the current art. II, § 6 amendment to the electorate, and it passed in the election that followed. Thus, New Mexico hunters and target shooters were protected by constitutional amendment from gun control laws that had been proposed or enacted in other areas of the United States.

With that history in mind, it becomes clear that the previous constitutional provision was expanded only to assure that, in addition to keeping and bearing arms for security and defense, allowance of lawful hunting and lawful recreational use of guns would not be hampered. Thus, the meaning of the constitutional right under the 1971 amendment is not different in any way from what was said in *United States v. Romero,* 484 F.2d 1324, 1327 (10th Cir.1973):

The right to bear arms under the New Mexico Constitution or under *City of Las Vegas v. Moberg* . . . is not an absolute right, and defendant's rights under it were circumscribed by the conditions under which he sought to assert the right.

Defendant claims, citing *Schermerhorn v. Local 1625 of Retail Clerks Intern. Ass'n,* 141 So.2d 269 (Fla.1962), that the words "no law shall abridge" means that *no law* may be enacted which tends to deprive, cut off, diminish or curtail a New Mexican's right to bear arms. He contends that prohibiting him from carrying a firearm into a licensed liquor establishment for his own defense is a diminution, curtailment, deprivation, and abridgment of that right.

We take note of the similar language of the First Amendment to our federal constitution:

"Congress shall make no law . . . abridging the freedom of speech . . . ."

which has been construed on several occasions by the United States Supreme Court to permit "general regulatory statutes . . . incidentally limiting its unfettered exercise . . . when they have been found justified by subordinating valid governmental interests, a prerequisite to constitutionality which has necessarily involved a weighing of the governmental interest involved." *E.g., Konigsberg v. State Bar of California,* 366 U.S. 36, 50–51, 81 S.Ct. 997, 1006–007, 6 L.Ed.2d 105 (1961).

The familiar statement of Justice Holmes, written in *Schenck v. United States,* 249 U.S. 47, 51–52, 39 S.Ct. 247, 248, 63 L.Ed. 470 (1919), relating to the claimed absolutism of the First Amendment illustrates the impracticability of such an unyielding stance as asserted by defendant:

It well may be that the prohibition of laws abridging the freedom of speech is not confined to previous restraints, although to prevent them may have been the main purpose . . . . But the charac-

---

1. Personal papers of Professor Emerita D.I. Cline, formerly of the Political Science Department, University of New Mexico, and a delegate to and vice-president of the 1969 New Mexico Constitutional Convention. *See also* material collected at New Mexico State Records and Archives, including Constitutional Convention memoranda, minutes, clippings, publications, etc.

2. *See* document published by Secretary of State, entitled "Proposed New Mexico Constitution (as adopted by the Constitutional Convention of 1969)."

ter of every act depends upon the circumstances in which it is done .... The most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic .... The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent.

It cannot be disputed that the legislative purpose of the statute here challenged was intended, in the exercise of the legislature's police power, "to protect innocent patrons of businesses held out to the public as licensed liquor establishments." *State v. Soto*, 95 N.M. 81, 82, 619 P.2d 185 (1980). All doubts of a statute's constitutionality will be resolved in favor of its validity and regularity. *In re Estate of Welch*, 80 N.M. 448, 457 P.2d 380 (1969). With respect to a law prohibiting one from carrying a firearm into a liquor establishment, we agree with those courts which have found such statutes to be a reasonable regulation and not an infringement upon the right to bear arms, under either the federal or state constitutions. *E.g., People v. Garcia*, 197 Colo. 550, 595 P.2d 228 (1979); *State v. Kerner*, 181 N.C. 574, 107 S.E. 222 (1921). When the legislature perceives that the carrying of a firearm may present a "clear and present danger," 249 U.S. at 52, 39 S.Ct. at 249, if mixed with the opportunity for its bearer to succumb to the influence of intoxicating liquors, it serves a legitimate goal in a constitutionally approved manner when it regulates and limits an unfettered exercise of the citizen's right to bear arms. *United States v. Romero*, 484 F.2d 1324, *supra*.

We hold the statute constitutional, within the police powers of the legislature, as a valid regulation of a constitutional privilege. N.M. Const. art. 4, § 1.

The judgment is AFFIRMED.

LOPEZ and NEAL, JJ., concur.