13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth T. SLESARIK, Plaintiff-Appellant,
v.
LUNA COUNTY; Deming, City of; Sam Baca, Mayor; Dennis
Armijo, Councilman; John Gordon, Councilman; David
Arriola, Councilman; Tim O'Neil, Councilman; John Strand,
City Manager; David Laney, Officer; William McKinley,
Officer; Paul Borde, Detective; Frank Pena, Sergeant,
Defendants-Appellees.
 No. 93-2161.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENTS[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff and appellant, Kenneth T. Slesarik, appearing pro se, appeals from the denial of various post-trial motions he made following a jury verdict finding the defendant City of Deming liable to Mr. Slesarik under 42 U.S.C.1983 for wrongfully arresting him but awarding him no compensatory or punitive damages. Defendants seek an order finding Mr. Slesarik's appeal frivolous and awarding defendant damages and double costs pursuant to Fed. R.App. P. 38. We affirm.
 
 BACKGROUND
 
 3
 Mr. Slesarik was arrested on August 6, 1991, for being an accessory to the violation of ordinance 6-4-6 of the City of Deming, New Mexico, which makes it "unlawful for any person to carry a deadly weapon within the city limits." The arrest arose out of several incidents involving Richard Nagol, a friend and roommate of Mr. Slesarik. On July 19, 1991, Mr. Slesarik was with Mr. Nagol while Mr. Nagol was being booked following his arrest for carrying a handgun in violation of Deming ordinance 6-4-6. As the district court found:
 
 
 4
 According to Defendants, Mr. Slesarik voiced his opinion that Mr. Nagol had the right to bear arms under both the United States and New Mexico Constitutions. Mr. Slesarik commented that it was a perfect setup and that the officers walked right into it. Mr. Slesarik and Mr. Nagol discussed a lawsuit that Mr. Nagol would pursue arising out of his arrest. Mr. Slesarik acknowledged approval of Mr. Nagol's comment that he would wear a pistol into the Court room.
 
 
 5
 Memorandum Opinion and Order at 4; R. Vol. 3 Tab 66.[2]
 
 
 6
 On the following day, July 20, 1991, Mr. Slesarik and Mr. Nagol were both at a Deming restaurant when Deming police officer David Laney received a complaint that a person in the restaurant was carrying a revolver. When he arrived at the restaurant, the officer observed Mr. Nagol with what the officer stated in an affidavit was a "partially concealed" weapon. He thereafter arrested Mr. Nagol, again for violating Deming ordinance 6-4-6. Mr. Slesarik again apparently voiced approval of Mr. Nagol's conduct, and stated his belief that Mr. Nagol's conduct was protected under the United States constitution.
 
 
 7
 Officer Laney then sought an arrest warrant for Mr. Slesarik, based upon Mr. Slesarik's comments and conduct in connection with the arrests of Mr. Nagol. The Deming Municipal Court issued an arrest warrant and on August 6, 1991, Mr. Slesarik was arrested and charged with being an accessory to the violation of ordinance 6-4-6. He has not, however, been brought to trial, nor has Mr. Nagol.
 
 
 8
 Both Mr. Nagol and Mr. Slesarik thereafter brought lawsuits against the City of Deming, and numerous city officials and law enforcement officials, as well as some members of the Deming judiciary.[3] The cases were consolidated for pretrial purposes, but proceeded to trial separately. Mr. Slesarik, acting pro se throughout this lawsuit, claimed that defendants had unlawfully arrested him pursuant to ordinance 6-4-6, which he claimed was unconstitutional under the New Mexico and United States Constitutions, and that his arrest also violated his First Amendment rights. He therefore sought compensatory and punitive damages, in reliance upon 42 U.S.C.1983 and 1985.
 
 
 9
 There followed a series of motions and orders: Mr. Slesarik filed a motion to recuse for cause the judge presiding over his case, Judge Howard Bratton, under 28 U.S.C. 144 and 455. The asserted cause was that the judge was "heavily biased in favor of the Defendants and their Counsel." R. Vol. III, Tab 60. Judge Bratton entered a Memorandum Opinion and Order denying the motion, on the ground that the allegations of misconduct stemmed solely from the judge's conduct in a judicial setting, and recusal for cause is only permitted based on charges of extrajudicial conduct.
 
 
 10
 The court then dismissed defendants Judge Russell and Judge Gifford, on the ground that they were entitled to absolute immunity because they were acting at all times in their judicial capacity. The court subsequently granted summary judgment for the defendants on all of Mr. Slesarik's remaining claims, except his 42 U.S.C.1983 claims against the City of Deming and defendant David Laney based on Mr. Slesarik's arrest under ordinance 6-4-6. The court held that, under the New Mexico Constitution and relevant case law, "the Deming ordinance 'purports to completely prohibit the "right to bear arms" ' and thus is void under New Mexico Constitutional law as applied to those holding arms in plain view." Memorandum Opinion and Order at 9; R. Vol. III, Tab 66 (quoting City of Las Vegas v. Moberg, 485 P.2d 737, 738 (N.M. Ct.App.1971)). The court held that a factual issue existed, however, as to whether the weapon Mr. Nagol carried was concealed, and therefore validly prohibited under the ordinance, or whether it was in plain view and, therefore, not subject to regulation under New Mexico law. The court also held there was a factual dispute as to whether Mr. Slesarik's conduct was "likely to cause consternation or alarm or produce violence or disturb the peace" for purposes of his First Amendment claim. The court accordingly denied summary judgment for either party on those two claims.
 
 
 11
 The case proceeded to a four-day jury trial, at the end of which the jury returned a verdict for Mr. Slesarik on his claim against the City of Deming but not against Officer Laney. The jury awarded him no compensatory or punitive damages.[4] Mr. Slesarik filed a post-trial motion for pro se attorneys' fees, and a renewed motion for judgment as a matter of law and/or for a new trial, all of which were denied. Mr. Slesarik timely appealed "all issues unfavorably adjudicated [sic] against the Plaintiff since the inception of this case."
 
 DISCUSSION
 
 12
 On appeal, Mr. Slesarik asserts fourteen errors by the district court: (1) failure to grant summary judgment to Mr. Slesarik because ordinance 6-4-6 is unconstitutional regardless of whether the deadly weapon involved is concealed or not; (2) failure to grant summary judgment to Mr. Slesarik because ordinance 6-4-6 had been declared unconstitutional prior to Mr. Slesarik's arrest; (3) failure to grant summary judgment to Mr. Slesarik on his First Amendment claim; (4) denial of Mr. Slesarik's motion to recuse Judge Bratton, apparently based on rulings and conduct by Judge Bratton in Mr. Nagol's case; (5) denial of Mr. Slesarik's motion to recuse Judge Bratton based on Judge Bratton's conduct in this case; (6) improperly instructing the jury regarding "proximate cause;" (7) denial of Mr. Slesarik's requested jury instruction defining "under color of law;" (8) excluding from evidence an excerpt from defendants' memorandum in support of their motion for summary judgment; (9) excluding from evidence a letter from the New Mexico Attorney General's office; (10) improperly instructing the jury on New Mexico law regarding the right to carry concealed deadly weapons; (11) improperly instructing the jury regarding defendant's authority to arrest Mr. Nagol and Mr. Slesarik; (12) improperly instructing the jury on the scope of compensatory damages which they could award to Mr. Slesarik; (13) improperly instructing the jury on the meaning of the word "consternation;" and (14) improperly instructing the jury that the Second Amendment does not apply to the States or any subdivision thereof.
 
 
 13
 First, we address his attempt to appeal the denial of his motion for summary judgment. Mr. Slesarik complains that he should have been granted summary judgment on his claims against the City and Officer Laney based on his arrest under ordinance 6-4-6, and he raises several arguments in support thereof. We have recently held that "even if summary judgment was erroneously denied, the proper redress would not be through appeal of that denial but through subsequent motions for judgment as a matter of law ("JAMOL") and through appellate review of those motions if they were denied." Bayless v. Christie, Manson & Woods Int'l, No. 92-6155, 1993 U.S.App. LEXIS 20645, at * 10 n.4 (10th Cir. Aug. 13, 1993) (quoting Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1251 (10th Cir.1992), cert. denied, 113 S.Ct. 1417 (1993)).
 
 
 14
 Accordingly, with respect to the issues relating to the denial of summary judgment, we review only the denial of Mr. Slesarik's post-trial motion for judgment as a matter of law, and our review is de novo. Bayless, 1993 U.S.App. LEXIS at * 11; Griffin v. Strong, 983 F.2d 1544, 1546 (10th Cir.1993) (citing First Sec. Bank v. Taylor, 964 F.2d 1053 (10th Cir.1992)). We "find[ ] error in the denial of such a motion 'if the evidence conclusively favors the moving party and is susceptible to no reasonable inferences that would sustain the non-moving party's position.' " Bayless, 1993 U.S.App. LEXIS at * 11 (quoting Whalen, 974 F.2d at 1251); see also Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir.1988). Mr. Slesarik also appeals from the denial of his motion for a new trial, which we review for an abuse of discretion, Aguinaga v. United Food & Com. Workers Int'l, 993 F.2d 1463, 1469 (10th Cir.1993); Mason v. Texaco, Inc., 948 F.2d 1546, 1555 (10th Cir.1991), cert. denied, 112 S.Ct.1941 (1992), and he appeals generally from a host of other alleged instructional errors, and errors in the admission of evidence and in the denial of his recusal motions, which we review under well-established standards.
 
 
 15
 Both Mr. Slesarik's post-trial motion for judgment as a matter of law (formerly titled, as Mr. Slesarik did, a judgment n.o.v.) and his motion for a new trial were based only on his failure to receive any damage award. As a result, we will not review his first three issues, in which he seeks reversal of the denial of his motion for summary judgment, as they do not relate to the damages issue he raised in his post-trial motion. Were we to address them on their merits, we would reject them, as the ordinance was not invalid as applied to concealed weapons, and there was a genuine factual dispute as to whether the weapon in this case was concealed and whether Mr. Slesarik's conduct was of the kind protected by the First Amendment.
 
 
 16
 We reject his other arguments on their merits. Indeed, the court's definitions of "proximate cause" and "under color of law" were entirely proper, as were its other challenged instructions and rulings, including its refusal to grant Mr. Slesarik's motions for recusal, which were based on the judge's conduct in a judicial setting.[5]
 
 
 17
 For the foregoing reasons, we AFFIRM the denial of Mr. Slesarik's post-trial motions, as well as the other rulings challenged in this appeal. We decline to award defendants damages and double costs pursuant to Fed. R.App. P. 38.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Slesarik argues that these factual findings concerning Mr. Nagol's July 19 arrest are erroneous. He argues that Mr. Nagol's affidavit and other pleadings in the case establish that Mr. Slesarik was not present during Mr. Nagol's July 19 arrest. In fact, Mr. Nagol's affidavit, as well as Mr. Slesarik's other pleadings in this case, suggest that he was not present during Mr. Nagol's arrest on the 19th, but they say nothing about his presence at the police department, while Mr. Nagol was being booked, which is where the defendants claim, and the district court found, that some of the statements and conduct for which Mr. Slesarik was arrested took place
 
 
 [3]
 Mr. Slesarik initially named as defendants The County of Luna, the City of Deming, Deming Mayor Sam Baca, City Councilmen Dennis Armijo, John Gordon, David Arriola and Tim O'Neil, City Manager John Strand, Deming police officers David Laney and William McKinley, Deming police detectives Paul Borde and Frank Pena, and Judges Keith Russell and Fred Gifford
 
 
 [4]
 Of course, punitive damages are not possible against a municipality
 
 
 [5]
 Mr. Slesarik purports to appeal from all of the rulings of the district court in this case. That would appear to include the denial of his motion for pro se attorneys fees, although he devotes no part of his briefs to that issue. The district court properly denied that motion