918 P.2d 380

**STATE of New Mexico, Plaintiff–
Appellant,**

v.

**Mark LAKE, Defendant–Appellee.**

**No. 17075.**

Court of Appeals of New Mexico.

April 4, 1996.

Certiorari Denied May 22, 1996.

Tom Udall, Attorney General Santa Fe, for Appellant.

Leonard J. Foster, Law Office of Leonard J. Foster, Albuquerque, for Appellee.

OPINION

PICKARD, Judge.

1. This case presents us with another opportunity to determine the constitutionality of NMSA 1978, Section 30–7–3 (Repl. Pamp.1994) ("Unlawful carrying of a firearm in an establishment licensed to dispense alcoholic beverages consists of carrying a loaded or unloaded firearm on any premises licensed by the department of alcoholic beverage control for the dispensing of alcoholic beverages....."). The State appeals from an order granting Defendant's motion to dismiss a charge of violating that statute. Our calendar notice proposed summary reversal, and

Defendant filed a memorandum in opposition. We reverse.

*Facts*

2. At approximately 12:40 a.m. on Monday, April 10, 1995, Defendant entered a convenience store to purchase a cup of coffee. The store was licensed to sell alcoholic beverages, but at the time Defendant entered the premises at approximately 12:40 a.m., such sales were prohibited by statute. *See* NMSA 1978, § 60–7A–1(B) (Repl.Pamp.1994) (alcoholic beverages can be sold on Mondays only from 7:00 a.m. until midnight). Defendant had an unconcealed, loaded handgun in his back pocket. A police officer noticed the gun, and he placed Defendant under arrest for violating Section 30–7–3. The State was prepared to introduce evidence that (a) Defendant had previously been warned repeatedly by the store's employees that carrying a firearm into the establishment, a place licensed to sell alcoholic beverages, was illegal, (b) signs posted above the cash registers warned of the legal prohibition, and (c) Defendant admitted to the arresting officer that he knew his conduct was in violation of the law.

*Discussion*

3. Defendant moved to dismiss the charge on the grounds that Section 30–7–3 is vague and overbroad. We consider Defendant's vagueness challenges in the light of the facts of this case and in light of the prohibited act with which he was charged. *See State v. Wood,* 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct.App.) (statute is unconstitutionally vague if it does not provide person of ordinary intelligence a reasonable opportunity to know what is prohibited under such act), *cert. denied,* 117 N.M. 744, 877 P.2d 44 (1994). The trial court's ruling in Defendant's favor was based on its opinion that: (a) since only a small fraction of the licensed premises was devoted to package liquor sales, a reasonable person would not know that there was liquor on the premises or that carrying a firearm therein would be illegal; and (b) the statute does not serve a valid purpose during the hours when liquor sales are restricted.

4. Defendant contends that the statute did not provide him with notice that his act of buying coffee without going into the liquor area would subject him to arrest and that such an application would punish innocent citizens who had no criminal intent. In essence, Defendant claims that the statute was vague because it did not inform him that his behavior was illegal even if he neither intended to purchase alcohol nor was physically present in the liquor display area.

5. We addressed this argument in our calendar notice, and Defendant has not pointed out any error in fact or law with respect to our proposed disposition. *See State v. Mondragon,* 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct.App.) (insufficient to restate prior contentions), *cert. denied,* 107 N.M. 267, 755 P.2d 605 (1988). We reiterate our reasons for rejecting Defendant's argument.

6. First, Section 30–7–3 does not require proof that Defendant knew his act to be unlawful. *See State v. Powell,* 115 N.M. 188, 191, 848 P.2d 1115, 1118 (Ct.App.1993) (required mental element is that the possession be intentional); *see also State v. Montoya,* 91 N.M. 262, 265, 572 P.2d 1270, 1273 (Ct.App.1977) (rejecting claim that the prosecution was required to prove the defendant had or should have had notice that he had entered a regulated area). Second, "licensed premises" is defined in NMSA 1978, Section 60–3A–3(L) (Repl.Pamp.1994) to mean "the contiguous areas or areas connected by indoor passageways of a structure . . . which are under the direct control of the licensee and from which the licensee is authorized to sell . . . alcoholic beverages under the provisions of its license." Third, although as we have said, specific knowledge is not an element of the crime, the State was prepared to introduce evidence from which it could be reasonably inferred that Defendant knew his conduct violated the statute.

7. Defendant contends that Section 30–7–3 abridges his right under the New Mexico Constitution to bear arms for a lawful purpose. *See* N.M. Const. art. II, § 6. Defendant argues that since he was not intoxicated and because sales of liquor were not permitted at the time he was in the store and he did not intend to purchase or possess alcohol within the store, the statute as applied to him criminalizes innocent and protected conduct. In *State v. Dees,* 100 N.M. 252, 255, 669 P.2d 261, 264 (Ct.App.1983), we held that Section 30–7–3 is not an infringement upon the right to bear arms under our constitution. Defendant suggests that carrying *Dees* forward under the circumstances of this case conflicts with *City of Las Vegas v. Moberg,* 82 N.M. 626, 627, 485 P.2d 737, 738 (Ct.App.1971) (ordinance prohibiting the carrying of a deadly weapon anywhere in city limits deprived citizens of the right to bear arms). We disagree. In *Moberg* we explained that regulation of the right to bear arms is not a deprivation of that right. *Id.* Furthermore, we did not state in *Moberg* that it is lawful to carry a non-concealed deadly weapon under any circumstances.

8. Defendant argues that Section 30–7–3 is vague and overbroad in that it defines the criminal offense in a manner that encourages arbitrary and discriminatory enforcement by permitting application in premises other than bars, taverns, and night clubs, places in which Defendant concedes that the State has a legitimate interest in regulating firearm possession, and that such application is not intended by the legislature. We are not persuaded. In *Montoya,* 91 N.M. at 265, 572 P.2d at 1273, we stated that the statute gives fair warning that it covers premises licensed to sell liquor either by the drink or in packages.

9. Defendant also argues that Section 30–7–3 is not reasonably related to the public health, safety, and welfare. In our calendar notice we explained the basis of our belief that the purpose of the statute is served in situations, such as here, where the bearer of the firearm is not under the influence of alcohol and has no opportunity to purchase alcohol in the licensed premises. Yet, Defendant has not pointed out any defects in our approach. *See Mondragon,* 107 N.M. at 423, 759 P.2d at 1005. Our reasoning is as follows.

10. The legislative purpose of Section 30–7–3 is "to protect innocent patrons of businesses held out to the public as licensed liquor establishments." *State v. Soto,* 95

N.M. 81, 82, 619 P.2d 185, 186 (1980). To be sure, one way in which the statute serves that purpose is to limit the opportunity for the bearer of a firearm to succumb to the influence of intoxicating liquor. *See Dees,* 100 N.M. at 255, 669 P.2d at 264. However, the potential for harm from the volatile combination of firearms and liquor, *see Powell,* 115 N.M. at 191, 848 P.2d at 1118, also exists when an inebriated patron enters the premises of a retail liquor establishment and that individual or another person within is carrying a firearm. *Cf. id.* ("The danger does not necessarily arise from any evil intent on the part of the person possessing the firearm."); *Montoya,* 91 N.M. at 265, 572 P.2d at 1273 (statute covers premises licensed to sell alcoholic liquors by the drink or in packages). The fact that the sales of alcoholic beverages may be restricted at that time does not eliminate the potential for harm.

11. For example, an inebriated person may have purchased alcohol during sales hours, consumed the purchase outside, and returned to purchase more alcohol or some other item. Or, an inebriated patron with an addiction to or desire for alcohol may be attracted to the establishment without knowledge that sales are restricted. Application of Section 30–7–3 under the circumstances of this case tends to prevent or ward off the potential for harm from the mixture of alcohol and firearms. *See Milligan v. State,* 465 S.W.2d 157, 158 (Tex.Crim.App.1971) (carrying pistol into premises licensed to sell liquor constitutes criminal offense even though establishment could not legally sell beer at the time defendant entered the premises). Thus, we hold that the statute is reasonably related to the public health, safety, and welfare.

*Conclusion*

12. We reverse and remand with instructions to reinstate the information.

13. **IT IS SO ORDERED.**

DONNELLY and WECHSLER, JJ., concur.