2003-NMCA-101

75 P.3d 410

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Paul James TORRES, Jr., Defendant–Appellant.**

**No. 22,929.**

Court of Appeals of New Mexico.

June 10, 2003.

Certiorari Denied, No. 28,136, Aug. 7, 2003.

Patricia A. Madrid, Attorney General, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} Is a defendant entitled to a mistake-of-fact jury instruction when charged with the unlawful carrying of a firearm into a licensed liquor establishment contrary to NMSA 1978, § 30–7–3 (1999)? We answer the question in the negative and affirm the conviction of Defendant Paul Torres in this case.

*Background*

{2} Defendant began carrying a gun after he became a witness in a murder case. He understood that he could not carry the gun into a liquor establishment. Shortly thereafter, he went to dinner with friends at a local restaurant which had a liquor license. Both the owner and manager of the restaurant observed that Defendant appeared to be carrying a gun under his shirt and called the police. The responding officer found a .38 caliber semiautomatic handgun in Defendant's waistband and arrested Defendant.

{3} Defendant was indicted by the grand jury on the single charge of unlawful carrying of a firearm into a licensed liquor establishment. He was not charged with unlawful carrying of a deadly weapon, under NMSA 1978, § 30–7–2 (2001), and that statute forms no part of our resolution of this case. Defendant's sole defense at trial was that he did not know that the restaurant was a liquor

establishment. He testified that he had been to the restaurant numerous times, both as a customer and as a child each day after school to visit his grandmother when she worked at the restaurant. Defendant testified that at those times, the restaurant did not serve liquor and promoted itself as a family restaurant. Although the owner of the restaurant, the manager, and the arresting officers testified that the liquor license was posted by the front door and the sale of beer was advertised at the restaurant, Defendant testified that he did not see any sign indicating that the restaurant served liquor.

{4} In support of his mistake-of-fact defense, Defendant tendered two jury instructions. The first, based on UJI 14–5120 NMRA 2003, placed the burden on the State to prove beyond a reasonable doubt that Defendant did not act under an honest and reasonable belief that the restaurant was not a licensed liquor establishment. The second, necessary under the use note to UJI 14–5120 if the first was given, required the jury to find that Defendant did not act under a mistake-of-fact in order to return a conviction. The district court refused Defendant's tendered instructions.

*Propriety of Mistake of Fact Defense*

{5} Defendant's mistake-of-fact defense rests upon Defendant's alleged lack of knowledge that the restaurant had a liquor license. In refusing Defendant's instruction, the district court held that Defendant's lack of knowledge was not relevant to the jury's determination under Section 30–7–3. In so ruling, the district court, in effect, held that the crime of unlawful possession of a firearm in a licensed liquor establishment was a strict liability crime. We review de novo the district court's interpretation of Section 30–7–3. *See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (holding that appellate court's review of construction of a statute is de novo).

{6} Section 30–7–3(B) prohibits, as a fourth degree felony, the unlawful carrying of a firearm in "an establishment licensed to dispense alcoholic beverages." Section 30–7–3(A) provides that the crime "consists of carrying a loaded or unloaded firearm on any premises licensed by the regulation and licensing department for the dispensing of alcoholic beverages." Section 30–7–3(A) also creates exceptions we do not discuss because they are not applicable in this case.

{7} Generally, criminal intent is an element of every crime. *State v. Lucero,* 87 N.M. 242, 244, 531 P.2d 1215, 1217 (Ct.App. 1975). If it is not expressly included as an element, "we presume an intent requirement." *State v. Powell,* 115 N.M. 188, 190, 848 P.2d 1115, 1117 (Ct.App.1993). However, the legislative intent may indicate that a violator is guilty even without a criminal intent as to each of the elements of the crime. *See State v. Harrison,* 115 N.M. 73, 77, 846 P.2d 1082, 1086 (Ct.App.1992). In such strict liability crimes, the legislature intends to prohibit certain acts, even though they may be performed without criminal intent, because "the public interest is so compelling, or the potential harm so great, that the public interest must override the individual's interests." *Id.* For example, our courts have found such a public interest in the statute prohibiting driving while intoxicated. *Id.;* see also *State v. Johnson,* 2001–NMSC–001, ¶¶ 6, 17, 130 N.M. 6, 15 P.3d 1233.

{8} This Court has previously addressed the intent requirement of Section 30–7–3 in *Powell,* 115 N.M. at 191, 848 P.2d at 1118. In *Powell,* we noted that the intent to possess a firearm requires only the knowledge that the "object possessed is a firearm." *Id.* The issue was whether an "evil intent" on the part of the person possessing the firearm was required to convict a defendant under Section 30–7–3. In concluding that it was not required, we used reasoning consistent with the basis for a strict liability crime, observing that the danger of possessing a firearm in a liquor establishment was not connected to an evil intent of the possessor, but instead was intended as a protective measure. *Powell,* 115 N.M. at 191, 848 P.2d at 1118.

{9} In this case, Defendant's proposed defense was that he had an honest and reasonable belief in a mistaken fact—that the restaurant was not a liquor establishment. He is correct that such a defense is generally

applicable when the State must prove criminal intent. However, Section 30–7–3 requires general criminal intent as to carrying of the firearm but not as to the premises upon which the firearm is carried.

{10} To convict under Section 30–7–3, the jury must find that the establishment is licensed to dispense alcoholic beverages and that the defendant was carrying a firearm in the establishment. *See* UJI 14–702 NMRA 2003. The general criminal intent instruction of UJI 14–141 NMRA 2003 imposes the requirement that the jury find that the defendant acted intentionally by purposely doing the criminal act even though the defendant may not know that the act is unlawful. *See State v. Barber*, 91 N.M. 764, 767, 581 P.2d 27, 30 (Ct.App.1978) (recognizing, in a strict liability case, that "[t]he doing of the act is what is prohibited"). Defendant does not contest that he purposely carried the gun into the restaurant which had a liquor license. Section 30–7–3 does not require more.

 {11} The purpose of Section 30–7–3 is to protect the innocent patrons of an establishment serving alcoholic beverages. *State v. Soto*, 95 N.M. 81, 82, 619 P.2d 185, 186 (1980). The legislature has exercised this prerogative under its police power because of the obvious danger in the combination of firearms and liquor consumption. *See State v. Lake*, 121 N.M. 794, 796–97, 918 P.2d 380, 382–83 (Ct.App.1996); *Powell*, 115 N.M. at 191, 848 P.2d at 1118; *State v. Dees*, 100 N.M. 252, 255, 669 P.2d 261, 264 (Ct.App. 1983). The potential for danger exists regardless of whether the person possessing the firearm in a liquor establishment is drinking. To avoid this potential for danger, the statute intends that a person possessing a firearm refrain from entering a liquor establishment. It places the burden upon such person to ascertain whether he or she is entering an establishment with a liquor license. *See, e.g., Morissette v. United States*, 342 U.S. 246, 256, 72 S.Ct. 240, 96 L.Ed. 288 (1952) ("The accused, if he [or she] does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his [or her] responsibilities.").

The legislature achieved this purpose by imposing strict liability upon those who, with a general criminal intent, purposely carry a firearm into a liquor establishment.

{12} We do not believe that *Perez v. State*, 111 N.M. 160, 803 P.2d 249 (1990) requires us to hold otherwise, as Defendant contends. In *Perez*, our Supreme Court held that criminal sexual penetration of a child between the ages of 13 and 16 was not a strict liability crime. *Id.* at 161–62, 803 P.2d at 250–51. Its conclusion, limited to the facts of that case, is based in part upon the policy consideration that some of the potential victims within the purview of the statute do not require the protection of strict liability. *Id.* at 162, 803 P.2d at 251. We do not read any such limitation to the protection of innocent patrons of liquor establishments in Section 30–7–3.

*Conclusion*

{13} Because of the strict liability nature of the offense of unlawfully carrying of a firearm into a licensed liquor establishment, Defendant was not entitled to raise a mistake-of-fact defense. We therefore affirm his conviction.

{14} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CELIA FOY CASTILLO, Judges.