second degree, criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of from 15 years to life on the assault conviction and from nine years to life on each of the three weapons convictions, unanimously modified, on the law, to dismiss the third count and vacate the sentence thereon and, except as thus modified, affirmed.

With commendable candor, the People point out that criminal possession of a weapon in the third degree based upon possession of a loaded firearm (Penal Law § 265.02 [4]), of which defendant was convicted, is a lesser included offense of criminal possession of a weapon in the second degree based upon possession of a loaded firearm "with intent to use the same unlawfully against another" (Penal Law § 265.03), of which he was also convicted, and thus should be dismissed. The other conviction of criminal possession of a weapon in the third degree, however, is based upon the possession of a defaced weapon and is therefore not a lesser included offense. We modify accordingly.

We have considered defendant's other arguments and find that they are without merit. Concur — Murphy, P. J., Sullivan, Ross, Lynch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT SALA, Appellant. — Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered on January 20, 1984, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5). No opinion. Concur — Kupferman, J. P., Sandler, Bloom, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WALKER, Appellant. — Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on September 28, 1983, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Bloom, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY SLOAN, Defendant-Appellant. — Judgment, Supreme Court, Bronx County (Howard Goldfluss, J.), rendered on November 10, 1983, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We