■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MEJIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 31, 1984, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Shortly after the defendant's girlfriend and her daughter were killed by single gunshots to the head, the defendant gave several statements. He admitted that the fatal shots were fired from his pistol. However, he maintained that the girlfriend was accidentally shot during a struggle for the gun, with which she had threatened him.

At trial, he testified that both deaths were accidental. He claimed that the gun was in the girlfriend's grip throughout the struggle and at the time both shots were fired.

On appeal, the defendant contends, inter alia, that the trial court improperly refused his request to submit to the jury the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]). We disagree and affirm the judgment of conviction.

A lesser included offense, if requested by either party, must be submitted to the jury if the evidence, when viewed in the light most favorable to the defendant, would support a finding that the defendant committed the lesser offense, but not the greater (CPL 300.30 [1], [2]; People v Glover, 57 NY2d 61, 63).

A conviction for manslaughter in the second degree (Penal Law § 125.15 [1]) must be supported by evidence of (1) the creation of a substantial and unjustifiable risk, (2) an awareness and disregard of the risk on the part of the defendant, and (3) a resulting death (People v Licitra, 47 NY2d 554, 558).

In the case at bar, no evidence was adduced which would indicate that the defendant created or disregarded a substantial or unjustifiable risk. According to the defendant, it was the girlfriend who created the risk by threatening him and therefore he acted reasonably in attempting to disarm her.

Accordingly, the trial court was justified in refusing to submit to the jury the requested charge of manslaughter in the second degree.

We have examined the defendant's remaining contentions and find them either to be unpreserved or without merit. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.