■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNIE WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.),

rendered February 1, 1985, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court erred in instructing the jury as to murder in the second degree without, as requested by the defense counsel, submitting to the jury a charge on the lesser included offense of manslaughter in the first degree based on intent to cause serious physical injury (Penal Law § 125.20 [1]; § 125.25 [1] [a]). A lesser included offense, if requested by either party, must be submitted to the jury if the evidence, when viewed in the light most favorable to the defendant, would support a finding that the defendant committed the lesser offense, but not the greater *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63; *People v Mejia,* 119 AD2d 771, *lv denied* 67 NY2d 1054). A reasonable view of the evidence, particularly the testimony by the Chief Medical Examiner that the victim was killed by a single shot, and the absence of any indication in the record apart from the shooting that the defendant intended to kill the victim *(cf., People v Blalock,* 129 AD2d 647) could support the conclusion that the defendant intended to cause serious physical injury, but not to kill the victim. Similarly, the court erred in denying the defendant's request to charge reckless endangerment in the second degree as a lesser included offense of reckless endangerment in the first degree *(see,* Penal Law §§ 120.20, 120.25), in light of the evidence that defendant fired two shots over the heads of two people at a distance of approximately 23 feet.

We have considered the defendant's other contentions, including the contention raised in his *pro se* brief, and find them to be without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.