THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORNA JACKSON, Appellant.

The defendant argues, *inter alia,* that the trial court committed reversible error when it denied her request to submit to the jury the charge of manslaughter in the first degree as a lesser included offense of murder in the second degree. We agree.

The People's theory at trial was that the defendant, with the intent to cause the death of the deceased, shot and killed him. There is evidence in the record, which includes the defendant's videotaped confession to an Assistant District Attorney, to support the People's theory. However, in the defendant's initial oral confession to the police, she stated, *inter alia,* that, she "lifted the gun up, activated the safety * * * pointed the gun toward [the deceased] closed her eyes and the gun went off". Under these circumstances, we conclude that there was a reasonable view of the evidence *(see,* CPL 300.50 [1]; *People v Scarborough,* 49 NY2d 364; *People v Glover,* 57 NY2d 61) to support a finding by the jury that the

defendant committed the lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1], i.e., "[w]ith intent to cause serious physical injury to another person, [s]he causes the death of such person"), and did not commit the greater offense of murder in the second degree (Penal Law § 125.25 [1], i.e., "[w]ith intent to cause the death of another person, [s]he causes the death of such person"). Accordingly, in addition to the charge regarding murder in the second degree, the trial court should have submitted to the jury, as a lesser included offense, the charge of manslaughter in the first degree, as requested by the defendant.

The defendant further argues that her confession should have been suppressed because it was obtained as a result, *inter alia,* of physical abuse, lack of sleep and food, and deceit and trickery. We disagree. The record amply supports the finding of the suppression court, which saw and heard the witnesses, that the defendant was not physically or mentally abused, and that factual finding should therefore be affirmed *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McMillian,* 56 AD2d 662, 663; *People v Gee,* 104 AD2d 561). In addition, the fact that the police falsely informed the defendant, before obtaining her confession, that her codefendants were in custody and had identified her as the shooter, did not mandate suppression of her confession as a matter of law *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Burnett,* 99 AD2d 786; *People v McQueen,* 18 NY2d 337, 346).

We note, as conceded by the People, that criminal possession of a weapon in the third degree based upon possession of a loaded firearm (Penal Law § 265.02 [4]), of which the defendant was charged and convicted, is a lesser included offense of criminal possession of a weapon in the second degree based on possession of a loaded firearm "with intent to use the same unlawfully against another" (Penal Law § 265.03), of which she was also charged and convicted *(see,* CPL 300.30 [4]). Accordingly, the defendant's conviction of criminal possession of a weapon in the third degree must be reversed, the sentence imposed thereon vacated, and that count of the indictment dismissed *(see,* CPL 300.40 [3] [b]; *People v Jackson,* 111 AD2d 648).

We are cognizant that in imposing sentence on the conviction of criminal possession of a weapon in the second degree, the sentencing court may have taken into consideration the defendant's conviction of murder in the second degree. Since we are reversing the defendant's conviction on that count, based on the failure to charge manslaughter in the first

degree as a lesser included offense, we deem it appropriate to vacate the sentence imposed by the court on the defendant's conviction of criminal possession of a weapon in the second degree and to remit for resentencing on that conviction after a disposition of the murder charge. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.