772 P.2d 1320

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Richard ARCHULETA,
Defendant–Appellant.**

**No. 11055.**

Court of Appeals of New Mexico.

March 21, 1989.

Certiorari Denied April 18, 1989.

Hal Stratton, Atty. Gen., Santa Fe, N.M., for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, N.M., for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals from his conviction for possession of marijuana. The first and second calendar notices proposed summary affirmance. Defendant has timely filed two memoranda in opposition to proposed summary affirmance in response to the calendar notices. Having reviewed defendant's memoranda, and not being persuaded by them, we affirm.

Defendant was stopped by a police officer for running a red light while driving his motorcycle. When defendant got off the motorcycle, the officer noticed a bulge, so he asked defendant to raise his shirt and

saw what looked like marijuana. Defendant also had $210.91 in cash at the time of his arrest. He was arrested and later charged with possession of marijuana with intent to distribute. Defendant waived his right to a jury trial and proceeded to a bench trial. It was stipulated that defendant had 1.40 ounces of marijuana in six baggies at the time of his arrest. During closing arguments, the prosecutor argued that the trial court should convict defendant of possession of marijuana with intent to distribute, and defendant argued the trial court should acquit him of possession of marijuana with intent to distribute. Neither party requested a finding as to possession of marijuana. The trial court found defendant guilty of possession of marijuana.

The sole issue raised on appeal is whether, by waiving his right to a jury trial and proceeding to a bench trial, defendant gave up his right to decide whether to submit a lesser included charge. The threshold question, however, is whether a trial court, sitting without a jury, may consider a lesser charge when neither party has requested a finding on that charge or argued it to the court. We hold that it may.

Defendant maintains that under *State v. Boeglin*, 105 N.M. 247, 731 P.2d 943 (1987), a criminal defendant has the exclusive right to choose which offenses to submit to a fact-finder. He further contends that this right exists in bench trials as well as jury trials. We disagree with defendant's reading of *Boeglin*.

*Boeglin* holds that where a defendant waives his right to a lesser included offense instruction, he cannot then argue on appeal that he was denied a fair trial based on the trial court's failure to give the lesser included instruction. We do not read *Boeglin* as holding that defendant has a right to waive a lesser included offense instruction but rather that he has the right to have a lesser included offense instruction given where the evidence supports it.

This court has recognized that in a jury trial a lesser included offense instruction

may be given, over defendant's objection, where the evidence supports such an instruction. *See State v. Edwards*, 97 N.M. 141, 637 P.2d 572 (Ct.App.1981). Our research indicates this rule is recognized by the majority of jurisdictions. *See, e.g., Glymph v. United States*, 490 A.2d 1157 (D.C.App.1985) (trial court could properly give lesser included offense instruction over a defendant's objection, where there was evidence that would rationally support a finding he or she committed lesser offense, but not greater); *State v. Howell*, 649 P.2d 91 (Utah 1982) (trial court may properly give lesser included offense instruction, even over a defendant's objection, if there is clearly no risk he or she will be prejudiced by lack of notice); *see generally State v. Nash*, 342 N.W.2d 177 (Minn. Ct.App.1984) (the Minnesota supreme court has given trial courts discretion in instructing juries on lesser included crimes, even where a defendant objects to such instructions).

Several jurisdictions have held that a lesser included offense instruction may be given where the state requests such an instruction, and it is supported by the evidence. *See Kuzmin v. State*, 725 P.2d 721 (Alaska Ct.App.1986) (instruction on lesser offense, if properly requested by either party, must be given if finding of guilt on greater offense would be inconsistent with acquittal on lesser offense); *see generally People v. Baskin*, 145 Mich.App. 526, 378 N.W.2d 535 (1985) (in Michigan, prosecutor may request lesser included offense instructions if defendant has adequate notice); *see generally People v. Mejia*, 119 A.D.2d 771, 501 N.Y.S.2d 179 (1986) (in New York, a lesser included offense, if requested by either party, must be given if evidence supports it).

Other jurisdictions have held that a trial court can consider or submit lesser included offense instructions, where supported by the evidence, even where no request is made by either party. *See State v. Dyer*, 671 P.2d 142 (Utah 1983) (trial court not precluded from considering lesser included

offense in bench trial where the defendant employs an "all or nothing" theory); *State v. Despenza*, 38 Wash.App. 645, 689 P.2d 87 (1984) (trial court may instruct on lesser included offense if each of the elements of lesser offense is necessary element of offense charged, and evidence supports inference that lesser offense was committed, even where neither the state's nor the defendant's theory involved lesser offense); *cf. Glisson v. State*, 165 Ga.App. 342, 301 S.E.2d 62 (1983) (trial judge may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment; however, the failure to do so is not error).

■ We conclude that, in a bench trial, a lesser included charge may be argued by either party, or may be considered sua sponte by the trial court. Since the evidence in the present case supported the lesser included charge of possession of marijuana, we are not persuaded that the trial court erred in considering and convicting defendant of this charge.

Defendant's reliance on *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976), and *State v. Padilla*, 104 N.M. 446, 722 P.2d 697 (Ct.App.1986), is misplaced. Both *Smith* and *Padilla* involved jury trials where the lesser included offense instruction given was not supported by the evidence. In the present case, as noted above, the evidence supports defendant's conviction for possession of marijuana, and defendant does not contend there is insufficient evidence to support this conviction.

Defendant notes that, under *Padilla*, a defendant's decision to submit a jury instruction on a lesser included offense constitutes a waiver of his right to challenge, on appeal, the sufficiency of the evidence to support the lesser included offense. He contends that this court's proposed holding in the present case contradicts *Padilla*. We disagree. Where the defendant does not submit a lesser included offense in-

struction but one is given, the sufficiency of the evidence to support conviction may be challenged on appeal. *See Smith v. State*. Similarly, in a bench trial, where a defendant has not requested a finding on a lesser included offense, but is convicted of such offense, the sufficiency of the evidence may be challenged on appeal. However, that is not the case here.

Defendant cites *State v. Doe*, 100 N.M. 481, 672 P.2d 654 (1983), and *State v. Soto*, 95 N.M. 81, 619 P.2d 185 (1980), for the proposition that if a defendant does not request a particular instruction, it should not be given. These cases involve jury instructions and are not applicable in a bench trial. In any event, they held that failure to give a definitional instruction did not constitute reversible error; they do not hold that an instruction should not be given if the defendant does not request it.

Defendant notes that SCRA 1986, 14–5031 provides an instruction that "must not be given if the defendant objects." Again, these instructions apply to jury trial and are inappropriate in this case. Further, the use note for U.J.I. 14–5031 is applicable only to that particular instruction, which pertains to instructing the jury that it must not draw an inference of guilt from the fact that a defendant did not testify.

We hold that, in a bench trial, a finding of a lesser included offense can be requested by either party or considered sua sponte by the trial court, where the evidence supports such a charge. Defendant has requested that, in the event we sustain the trial court's authority to convict him of the lesser included offense, we reverse and remand for defendant to reconsider his decision to waive a jury trial. We decline to do so.

■ Defendant's request is based on the incorrect assumption that a defendant has

the exclusive right to determine whether a jury will be instructed on a lesser included offense. That is not the law in New Mexico. *See State v. Edwards.* Under these circumstances, we do not need to decide whether on these facts defendant would otherwise have a claim that his waiver was not valid. *See State v. Dean,* 105 N.M. 5, 727 P.2d 944 (Ct.App.1986). Defendant would be subject to having the lesser included offense considered in either situation. For the reasons stated above, we affirm defendant's conviction.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.