■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TABB, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 1, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted, *inter alia,* of having intentionally murdered the deceased by shooting him. The evidence adduced at trial established that one shot was fired at the deceased. However, none of the People's witnesses testified as to actually having observed the shooting, and the record is devoid of any evidence, other than the shooting itself, to suggest that the defendant intended to kill the deceased. By contrast, the defendant consistently asserted, in his oral, written, and videotaped statements, that he initially drew the gun in an effort to scare the deceased, and that he fired the gun out of fear, upon observing the deceased reach behind his back and draw forward "something shiny". Moreover, consistent with this assertion, the defendant indicated in his videotaped statement that he simultaneously closed his eyes and looked away when he fired the gun, and did not know where the bullet hit the deceased. Under these circumstances, we

conclude that there was a reasonable view of the evidence *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61) to support a finding by the jury that the defendant did not intend to kill the deceased *(see,* Penal Law § 125.25 [1]), but rather intended at most only to cause the deceased serious physical injury *(see,* Penal Law § 125.20 [1]) in order to extricate himself from a potentially dangerous situation. Accordingly, in addition to the charge of murder in the second degree, the trial court should have submitted to the jury, as a lesser included offense, the charge of manslaughter in the first degree, as requested by the defendant *(see, People v Jackson,* 140 AD2d 458; *People v White,* 132 AD2d 633).

Furthermore, inasmuch as the weapons possession charge is "factually related to the murder charge in this case * * * reversal of the [latter] conviction should also require a new trial on the charge of criminal possession of a weapon in the second degree" *(People v Cohen,* 50 NY2d 908, 911).

Finally, in view of our determination, we do not address the defendant's remaining contention. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.