■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MARTIN, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 22, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court erred in instructing the jury as to murder in the second degree, without, as requested by the defense counsel, submitting to the jury a charge on the lesser-included offense of manslaughter in the first degree based on intent to cause serious physical injury *(see,* Penal Law § 125.20 [1]; § 125.25 [1] [a]). Under the facts of this case, the evidence could have supported a finding that the defendant committed the lesser offense, but not the greater *(see,* CPL 300.50 [1]; *People v Martin,* 59 NY2d 704, 705; *People v Glover,* 57 NY2d 61, 63; *People v Henderson,* 41 NY2d 233; *People v Csikortas,* 106 AD2d 578, 579). A reasonable view of the evidence, particularly that the defendant did not take deliberate aim, did not shoot at close range, did not hit any vital organs (the victim was struck twice in the legs), did not follow the victim into his house but rather remained outside, shooting into the house from the doorway, and the absence of any indication in the record apart from the shooting that the defendant intended to kill the victim, could support the conclusion that the defendant intended to cause serious physical injury, but not to kill the victim *(see, People v Jackson,* 140 AD2d 458; *People v White,* 132 AD2d 633, 634; *People v Alamo,* 128 AD2d 441, 443; *People v Logan,* 120 AD2d 359, 360).

Moreover, as the People concede, it was error to admit Detective Fishman's testimony that each witness had selected a photograph from a group of surveillance photographs, which included the defendant's photograph *(see, People v Grate,* 122 AD2d 853, 854; *People v Cook,* 103 AD2d 751, 752; *People v Trowbridge,* 305 NY 471), and it was error to admit Detective Fishman's testimony regarding the Drug Enforcement Administration's activities and surveillance photographs *(see, People v Green,* 35 NY2d 437, 440; *People v Cruz,* 164 AD2d 761; *People v Hernandez,* 139 AD2d 472, 477).

It was also error for the court to admit evidence, without limiting instructions, of uncharged crimes, to show the defendant's motive, inasmuch as the prejudicial effect of this evidence exceeded its probative value *(see, People v Alvino,* 71 NY2d 233, 242; *People v Molineux,* 168 NY 264; *People v Bolling,* 120 AD2d 601).

In light of our determination it is unnecessary to consider the defendant's remaining contention. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.