■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant. [612 NYS2d 897] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Levine, J.), rendered October 31, 1991, convicting him of murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant contends that his conviction should be reversed since he was not present at the Sandoval hearing. We agree. The defendant's presence at the Sandoval hearing would not have been merely "superfluous" because the Sandoval ruling was not "wholly favorable" to him (see, People v Favor, 82 NY2d 254; People v Odiat, 82 NY2d 872; People v Michalek, 82 NY2d 906; People v Law, 199 AD2d 282). Therefore, since the defendant was not present at the Sandoval hearing, reversal of the judgment is warranted.

Furthermore, under the circumstances of this case, we conclude that the trial court erred in refusing to charge the lesser-included offense of manslaughter in the first degree (see, Penal Law § 125.20 [1]; People v Stevens, 186 AD2d 832; People v Martin, 182 AD2d 834; People v Davis, 181 AD2d 411; People v Tabb, 180 AD2d 770; People v White, 132 AD2d 633).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mangano, P. J., Miller, Hart and Florio, JJ., concur.