■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX BARO, Appellant. [654 NYS2d 736] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 8, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of $12^1/2$ to 25 years and $7^1/2$ to 15 years, to run consecutively to a term of $3^1/2$ to 7 years, respectively, unanimously affirmed.

The trial court properly admitted testimony that when defendant was arrested, his companion was also arrested and was found to be in possession of drugs. This did not constitute evidence of an uncharged crime on the part of defendant, and it was relevant to explain that the other individual, who had also been present at the scene of the homicide, evaded the police because he possessed the drugs, and not because he was the killer (*see, People v Villanova*, 179 AD2d 381, *lv denied* 79 NY2d 954). Since defendant abandoned his request for a limiting instruction, which had been granted, but omitted, by the court, defendant's present claim of error in that regard is unpreserved (*People v Whalen*, 59 NY2d 273, 280) and we decline to review it in the interest of justice.

Defendant is not entitled to dismissal of the count charging

criminal possession of a weapon in the third degree, since it is not a lesser included offense of criminal possession of a weapon in the second degree (*People v Okafore*, 72 NY2d 81, 89, n 3). To the extent that our decisions in *People v Singh* (190 AD2d 640, *lv denied* 81 NY2d 1020) and *People v Jackson* (111 AD2d 648) have held to the contrary, they are overruled.

The court did not err in sentencing defendant to a consecutive term of imprisonment for his conviction of criminal possession of a weapon in the third degree since the evidence revealed that his unlawful possession of the gun was punishable separately from his unlawful use of that weapon (*People v Almodovar*, 62 NY2d 126, 130). Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.