This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 29,615**

**SERGIO V.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Eugenio S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Child appeals from the adjudication that he committed the delinquent act of

aggravated battery without great bodily harm. The notice proposed to affirm, and Child filed a timely memorandum in opposition pursuant to granted motions for extension of time. We remain unpersuaded by Child's arguments and therefore affirm.

**Recusal**

Child continues to argue that the district court erred in denying his motion for recusal. **[DS 3; MIO 4-6; RP 64, 70, 89, 92]** We review recusal issues for abuse of discretion. *Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 39, 133 N.M. 389, 62 P.3d 1271(filed 2002).

The facts provide that Child and the prosecutor negotiated a plea, which provided that Child would serve a short-term commitment not to exceed one year. **[RP 64]** On the day before the scheduled plea hearing **[RP 49]**, in the course of the scheduling arrangements being made between the judge's secretary and the prosecutor's secretary **[MIO 2; RP 67-68]**, the judge's secretary sent the prosecutor's secretary an email **[MIO 2]**, which communicated the following message from the judge: "Tell her that the fact that we are scheduling [a] hearing does not mean that I am in[] agreement with [the] plea bargain." **[RP 67]** In response to the email, the prosecutor called defense counsel and told him that the judge would not accept a plea agreement that limited the judge's discretion to a short-term commitment. **[RP 64;**

2

**MIO 2]** Upon defense counsel's request, the district attorney's office provided defense counsel with copies of the email correspondence between the judge's secretary and the prosecutor's secretary **[RP 65; MIO 2]**, as well as an email, stating, "[w]e can do it tomorrow in the afternoon, but Judge Mathis is saying that he's not agreeing to a 1 year committment [sic]." **[RP 68]** The prosecutor then withdrew the plea offer for a short-term commitment **[RP 65; MIO 2]** on the basis that "the [c]ourt was not going to accept the plea whether the State kept the offer open or withdrew it." **[RP 71; MIO 2]**

Child maintains that "the judge, by interjecting himself into a scheduling discussion between his secretary and the District Attorney's secretary showed himself to have a bias in the case" **[MIO 6]** and "allowed for an appearance of [partiality]." **[MIO 4]** In support of his position, Child analogizes to the circumstances addressed in *Reid v. N.M. Bd. of Exam'rs in Optometry*, 92 N.M. 414, 589 P.2d 198 (1979). **[MIO 5]** In that case, a board member, prior to a disciplinary hearing before the board, had stated his opinion that the doctor subject to the hearing "would be losing his license soon anyway, or wouldn't be practicing soon anyway." *Id.* at 415, 589 P.2d at 199. Given this statement reflecting bias and prejudgment, the Court held that the board member should have been disqualified.

Unlike the circumstances addressed in *Reid*, we do not agree that the email

3

communication reflects bias or prejudgment, or otherwise constitutes a violation of the Rules of Judicial Conduct. Rather than a reflection of prejudgment, the communication relates principally to a scheduling matter, a permissible ex-parte communication. *See* Rule 21-300(B)(7)(a) NMRA (providing that "*ex parte* communications for scheduling . . . that do not deal with substantive matters or issues on the merits are authorized"). We recognize that the prosecutor viewed the email as indicating that the judge would not accept the plea due to the short-term commitment **[RP 70-71]**, such that the prosecutor ultimately withdrew the plea. **[MIO 4]** We do not, however, view the email as expansively as did the prosecutor. Instead, we view the email not as a communication by the judge that he will deny the plea, but instead only as a communication that the granting of a plea hearing is not the equivalent of an acceptance of the plea. Thus, on its face, we do not agree that the email, in its totality, is an impermissible ex parte communication that relates to the merits or substance of the case, or otherwise reflects a bias or lack of partiality. Because there is no indication that the judge could not preside over the proceedings in a fair and impartial manner, we hold that the judge properly denied Child's request for recusal.

**Motion to Dismiss**

Child continues to argue that the district court erred in denying his motion to

4

dismiss for failure to provide discovery relating to witness John Lopez. **[DS 3; MIO 6; RP 72, 78, 89, 92-93]** Child asserts that the prosecutor violated Rule 10-231(A)(5) NMRA, which provides, in relevant part, that

> within ten (10) days after the date of filing of a petition alleging delinquency, . . . the state shall disclose or make available to the respondent . . . a written list of the names and addresses of all witnesses which the children's court attorney intends to call at the adjudicatory hearing . . . and any record of prior convictions of any such witness which is within the knowledge of the children's court attorney. **[DS 4]**

Regarding any prior convictions of Lopez, Child provides that, although the petition was filed on January 22, 2009 **[RP 1]**, defense counsel did not learn of witness John Lopez' juvenile conviction or his DWI conviction until the day he filed his motion to dismiss **[MIO 3]**, on May 6, 2009. **[RP 72, 92]** As noted in the notice, a juvenile conviction is not considered a criminal conviction, *see* NMSA 1978, § 32A-2-18(A) (1996), and even if a delinquency adjudication was considered a conviction within the meaning of Rule 10-231(A)(5), Child has not indicated what the substance of the adjudication was or how he was prejudiced by its late or non-disclosure. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (holding that "[a]n assertion of prejudice is not a showing of prejudice"). As for Lopez' prior DWI conviction **[RP 80]**, Child asserts that "[t]he existence of a charge that nobody knew of until the day of the hearing calls into question whether there were other undisclosed priors which the defense would have found through NCIC reports" **[MIO**

5

**7]**, and contends that the prosecutor "roadblocked an entire avenue of defense." **[MIO 8]** These broad assertions of prejudice, however, are speculative. *See State v. Todisco*, 2000-NMCA-064, ¶ 24, 129 N.M. 310, 6 P.3d 1032 (concluding that a claim of prejudice based on insufficient evidence did not show actual and substantial prejudice and was, therefore, speculative).

Lastly, Child does not further address his argument raised in the docketing statement that the State violated Rule 10-231(A)(5) by failing to list the address of Lopez. **[DS 5]** *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (providing that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"). As set forth in the notice, we hold that the State substantially complied with Rule 10-231 by providing Child with Mr. Lopez' name and address through the police report within five days after filing the petition. *See State v. Quintana*, 86 N.M. 666, 669, 526 P.2d 808, 811 (Ct. App. 1974) (holding that the failure to "strictly comply" with the witness list disclosure requirement does not amount to reversible error absent a showing of prejudice to the substantial rights of the defendant).

Based on the foregoing discussion, we hold that the district court did not err in denying Child's motion to dismiss for failure to provide discovery.

**Jury Instructions**

Child continues to argue that the district court erred by instructing the jury on the lesser-included offense of aggravated battery without great bodily harm. **[DS 3; MIO 9]** As acknowledged by Child **[MIO 9]**, a defendant does not have the exclusive right to determine whether a jury will be instructed on a lesser included offense. *See State v. Archuleta*, 108 N.M. 397, 399-400, 772 P.2d 1320, 1322-23 (Ct. App. 1989). Moreover, Child does not raise any new legal arguments or facts in response to our notice. *See Mondragon*, 107 N.M. at 423, 759 P.2d at 1005 (providing that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"). Therefore, for the reasons set forth in our notice, we affirm.

Based on the discussion set forth above, as well as in our notice, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**



_____

**RODERICK T. KENNEDY, Judge**