This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **No. A-1-CA-36172**

**ARON SARELLANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE Judge.**

{1}     Defendant Aron Sarella appeals from his conviction of third degree criminal sexual contact of a minor (CSCM). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     In the memorandum in opposition, Defendant challenges our proposed finding that the district court properly considered CSCM as a lesser included offense of the charged crime of criminal sexual penetration (CSPM) sua sponte. [MIO 8-12; CN 4] *See State v. Archuleta*, 1989-NMCA-022, ¶ 9, 108 N.M. 397, 772 P.2d 1320 ("[I]n a bench trial, a lesser included charge may be argued by either party, or may be considered sua sponte by the trial court."). Defendant argues as follows: (1) the victim's testimony unequivocally established that penetration occurred; (2) thus, there is no reasonable view of the evidence pursuant to which CSCM was the highest degree of crime committed; (3) it follows that Defendant would not have been entitled to a CSCM instruction in a jury trial; and (4) therefore, the district court should not have considered it because, in effect, CSCM was not a lesser included offense of

CSPM under the facts of this case. [MIO 1, 6, 7-12] Because we disagree with Defendant's original premise, we do not address the legal validity of the rest of his argument.

{4} Specifically, we disagree with Defendant's assertion that the victim's testimony unequivocally established that penetration occurred. [MIO 1] Penetration in this context is defined as "the insertion, to any extent," of an object into the victim's vulva or vagina. UJI 14-957 NMRA. As Defendant acknowledges, the young victim testified that Defendant "touched her on the inside of her private[s] where she pees." [RP 144; MIO 1] Without more, we believe that what a child means by "touched" or "the inside of her private[s] where she pees" is ambiguous. Unlike the cases relied on by Defendant, the victim did not explicitly testify that Defendant penetrated her vulva or vagina. [MIO 12] *Contrast with State v. Lente*, 2005-NMCA-111, ¶ 15, 138 N.M. 312, 119 P.3d 737 ("[The v]ictim testified that [the d]efendant both touched and penetrated her, [therefore] there was no confusion that digital penetration had occurred on occasions to support the CSPM charges."); *State v. Paiz*, 2006-NMCA-144, ¶ 51, 140 N.M. 815, 149 P.3d 579 ("[The victim] clearly specified at trial that [the d]efendant attempted to penetrate her[.]"). The victim likewise did not describe conduct which, "as a matter of physiology, . . . went beyond the edge . . . of the female sex organ[.]" *Id.* ¶ 52 (internal quotation marks and citation omitted). Because we conclude that the

victim's testimony was ambiguous as to whether penetration occurred as opposed to mere contact, we do not address the remainder of Defendant's argument on this point. We further conclude that the district court properly considered the lesser included offense of CSCM sua sponte. *Archuleta*, 1989-NMCA-022, ¶ 9.

{5} Defendant next argues that he "was not on notice that he would have to defend against the uncharged lesser offense of CSCM." [MIO 13] We disagree. It is well-established that whenever "one offense is a lesser included offense of a crime named in a charging document, the defendant is put on notice that he must defend not only against the greater offense as charged but also against any lesser included offense." *State v. Collins*, 2005-NMCA-044, ¶ 8, 137 N.M. 353, 110 P.3d 1090, *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369; *see State v. Meadors*, 1995-NMSC-073, ¶ 17, 121 N.M. 38, 908 P.2d 731 ("[A]n offense is a lesser[]included offense only if the defendant cannot commit the greater offense in the manner described in the charging document without also committing the lesser offense. Accordingly, the defendant should be fully aware of the possible offenses for which he or she may face prosecution and should have ample opportunity to prepare a defense."). Defendant's reliance on *State v. Notah-Hunter*, 2005-NMCA-074, 137 N.M. 597, is unpersuasive. [MIO 13] In *Notah-Hunter*, we held that we could remand the case for resentencing on an uncharged lesser included

4

offense, following our finding that the evidence presented at the defendant's bench trial was insufficient to support a conviction of the greater offense. *Id.* ¶ 27. We reasoned that the defendant was on notice, per our holding in *Meadors*, that he could be convicted of the lesser offense. *Id.* We further found it important that the defendant had an opportunity to provide evidence that addressed the elements of the lesser charge. *Id.* ¶ 28. Likewise here, Defendant denied having touched the victim at all, thereby addressing the elements of CSCM. [MIO 3; RP 145]

{6}     Defendant's reliance on *State v. Slade*, 2014-NMCA-088, 331 P.3d 930, and *State v. Villa*, 2004-NMSC-031, 136 N.M. 367, 98 P.3d 1017, is likewise misplaced. Both of these cases held that the direct remand rule does not apply to cases involving a jury trial where the jury was not instructed on a lesser included offense. *See Slade*, 2014-NMCA-088, ¶ 38; *Villa*, 2004-NMSC-031, ¶ 1. As we explained in *Notah-Hunter*, such cases are distinguishable from cases like the current matter, where a bench trial was held and notice is not an issue. 2005-NMCA-074, ¶¶ 27-29.

{7}     Given our controlling precedent, which Defendant fails to address in the memorandum in opposition, we also find Defendant's reliance on out-of-state authorities unpersuasive. [MIO 13-14]

{8}     Defendant also challenges our proposed finding that his CSCM conviction was supported by sufficient evidence. [MIO 15; CN 2-3] Defendant reiterates his position

that the district court should only have considered the CSPM charge, which we reject. [MIO 16] Defendant also argues that, "if the trial court found the witness testimony incredible and the evidence inconsistent, those same shortcomings also prevented a conviction for a lesser offense." [MIO 17] As we stated in our calendar notice, however, we are not at liberty to evaluate the credibility of the State's witnesses or to draw inferences that are contrary to the district court's judgment. [CN 3] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

{9}     Lastly, Defendant argues that this case is inappropriate for decision on the summary calendar because the current record on appeal is unclear as to whether the victim's underwear had been laundered prior to submission to the police or whether the SANE nurse had failed "to 'actively' perform an examination of [the victim.]" [MIO 5, 11] Because this evidence is inconsequential to our analysis, we decline to reassign this case to our general calendar.

{10}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{11}     **IT IS SO ORDERED.**

                    **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**STEPHEN G. FRENCH, Judge**