This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.                               No. A-1-CA-35115

**JASON TARDY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant Jason Tardy appeals his conviction for felony battery on a peace officer, in violation of NMSA 1978, Section 30-22-24 (1971). We affirm.

**BACKGROUND**

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we briefly set out the following undisputed facts taken from testimony presented at trial and reserve discussion of additional facts as

necessary for our analysis. The events leading to Defendant's conviction began when Marion Lopez agreed to sell Defendant a truck, for which Defendant would make an initial payment later the same week, with subsequent monthly payments. Three weeks later, after Lopez attempted to contact Defendant numerous times to collect payment, Lopez reported the truck stolen. Shortly after Lopez reported the truck stolen, Lopez's son-in-law found the truck in a hotel parking lot and called Chaves County Sheriff's Deputy Albert Padilla, with whom he was familiar. Deputy Padilla went to the hotel to investigate after receiving permission from his supervisor and informing the dispatcher. Upon arriving at the scene, Defendant told Deputy Padilla that he "had no business" being there because the truck purchase was a "civil matter" and that Lopez should take Defendant to court. After talking to Lopez and consulting with the on-call district attorney, Deputy Padilla arrested Defendant and transported him to the sheriff's office for booking. At the sheriff's office, another deputy led Defendant to the booking cell. When he reached the entryway to the cell, Defendant stopped walking and refused to enter. When Defendant refused to comply with the deputy's requests to enter the cell, Deputy Padilla grabbed Defendant to force him into the cell. At that point, Defendant pulled away and kneed Deputy Padilla, which led to a scuffle between the two.

**{3}** Defendant was charged with embezzlement of a motor vehicle, in violation of NMSA 1978, Section 30-16D-2 (2009), and felony battery on a peace officer for kneeing Deputy Padilla. At trial, the district court granted Defendant's motion for a directed verdict on the embezzlement of a motor vehicle charge. The jury found Defendant guilty of battery on a peace officer. This appeal followed.

## DISCUSSION

**{4}** Defendant appeals his conviction on several grounds. First, Defendant argues that the district court failed to instruct the jury (1) that Deputy Padilla must have been *lawfully* discharging his duties at the time of the battery; and (2) on the lesser-included offense of simple battery. Next, Defendant contends that there was insufficient evidence to support his conviction. Finally, Defendant claims that the district court erred in limiting defense counsel's closing argument. We address each argument in turn.

## I.    The District Court Properly Instructed the Jury

**{5}** Because Defendant did not preserve his arguments with respect to the jury instructions, we review them only for fundamental error. *See* Rule 12-321 NMRA; *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. When this Court reviews jury instructions for fundamental error, we will only reverse the jury verdict if doing so is "necessary to prevent a miscarriage of justice." *State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (internal quotation marks and citation omitted). Generally, the failure to instruct on an essential element of a crime constitutes fundamental error. *State v. Lopez*, 1996-NMSC-036, ¶ 10, 122 N.M. 63, 920 P.2d 1017.

### A.    Battery on a Peace Officer

**{6}** Section 30-22-24(A) defines "battery on a peace officer" as "the unlawful, intentional touching or application of force to the person of a peace officer *while he is in the lawful discharge of his duties*, when done in a rude, insolent or angry manner." (Emphasis added.) Consistent with UJI 14-2211 NMRA, the jury was instructed, in relevant part, "For you to find [D]efendant guilty of [b]attery on a [p]eace [o]fficer, the [S]tate must prove to your satisfaction beyond a reasonable doubt . . . [that a]t the time [of the battery], [Deputy] Padilla was a peace officer and *was performing the duties of a peace officer*[.]" (Emphasis added.) Defendant claims that Deputy Padilla was not lawfully discharging his duties because he did not have probable cause to arrest Defendant for embezzlement of a motor vehicle[1] and argues that the district court should therefore have instructed the jury to determine whether Deputy Padilla was *lawfully* discharging his duties rather than merely "performing the duties of a peace officer." As we explain, Deputy Padilla's purported lack of probable cause is not relevant to the jury's decision.

**{7}** Our Supreme Court addressed the meaning of a peace officer acting in "lawful discharge of his duties" in *State v. Doe*, 1978-NMSC-072, ¶ 14, 92 N.M. 100, 583 P.2d 464. In *Doe*, the defendant was charged with battery on a peace officer for a battery he committed after being arrested for disorderly conduct. *Id.* ¶¶ 1-2. On appeal, our Supreme Court held that the underlying arrest was illegal because it was not supported by probable cause. *Id.* ¶ 7. Nonetheless, the Court stated that "[a]n arrest undertaken without probable cause does not vitiate all the authority of the arresting officer." *Id.* ¶ 14. In answering the question of "whether the use of force in resisting a search pursuant to an illegal arrest constitutes a battery upon a police officer acting in the 'lawful discharge of his duties,' " *id.* ¶ 11, the Court announced the following standard:

> Even if an arrest is effected without probable cause, a police officer is engaged in the performance of his official duties if he is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own.

*Id.* ¶ 14 (alteration, internal quotation marks, and citation omitted).

**{8}** This Court has relied on the *Doe* standard in subsequent cases. *See, e.g.*, *State v. Nemeth*, 2001-NMCA-029, ¶ 51, 130 N.M. 261, 23 P.3d 936, *overruled on other grounds by State v. Ryon*, 2005-NMSC-005, ¶ 28, 137 N.M. 174, 108 P.3d 1032; *State v. Tapia*, 2000-NMCA-054, ¶ 13, 129 N.M. 209, 4 P.3d 37; *State v. Gonzales*, 1982-NMCA-043, ¶ 7, 97 N.M. 607, 642 P.2d 210; *see also State v. Ellis*, 2008-NMSC-032, ¶ 37 n.3, 144 N.M. 253, 186 P.3d 245 (reaffirming *Doe* and stating "[the d]efendant was not entitled to resist what appeared to him to be an unlawful arrest"). Indeed, in *Nemeth*, we relied on this standard in rejecting the same argument Defendant now makes. In that case, the defendant claimed that the district court committed reversible error by using

---

[1]The district court did not make a determination as to whether Deputy Padilla had probable cause to arrest Defendant. However, for purposes of addressing Defendant's argument, we assume, without deciding, that the arrest was not supported by probable cause.

UJI 14-2211 instead of her tendered instruction, which provided that the state must prove the officer-victim "was in the lawful discharge of her duties at the time of the alleged offense." *Nemeth*, 2001-NMCA-029, ¶¶ 52-53. In rejecting this argument, this Court reiterated that "[t]he standard for determining whether an officer was acting within his or her lawful discharge of duties is whether the officer was performing his or her official duties." *Id.* ¶ 54 (quoting *Tapia*, 2000-NMCA-054, ¶ 13). Consequently, we concluded it was not necessary to use the word "lawful" in the instructions and that "our Supreme Court merely replaced the words 'lawful discharge of his duties' with a definition of those words, namely, 'performing his or her official duties.' " *Id.* ¶¶ 54, 57 (quoting Section 30-22-24 and UJI 14-2211).

**{9}** Defendant contends that our holding in *Nemeth* is no longer controlling in light of *State v. Phillips*, 2009-NMCA-021, 145 N.M. 615, 203 P.3d 146, in which this Court stated that "whether an officer is acting lawfully is measured by his actual legal authority, including common-law, statutory, or constitutional limitations on the officer's authority[.]" *Id.* ¶ 16. Although we acknowledge that *Phillips* supports Defendant's argument, we do not view it as controlling authority. In *Phillips*, the defendant argued that he could not be convicted of battery on a peace officer because the officer-victim arrested him without probable cause and was, therefore, acting without lawful authority at the time of the battery. *Id.* ¶ 9. Despite holding that the officer had probable cause to detain the defendant, *see id.* ¶ 23, the *Phillips* Court dedicated a lengthy discussion to addressing whether a defendant could be convicted of battery on a peace officer when the defendant was unlawfully arrested, *see id.* ¶¶ 10-19. However, this discussion—on which Defendant relies—is dictum and has no binding force of law because it was not necessary to the Court's decision. *See Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 22 n.8, 116 N.M. 52, 860 P.2d 182 (stating that language unnecessary to the decision of the issues before the court is dicta "no matter how deliberately or emphatically phrased"). Furthermore, the *Phillips* Court's discussion is contrary to the Supreme Court's enunciation of the meaning of "lawful discharge of his duties" in *Doe*, which we view as controlling authority. *See Phillips*, 2009-NMCA-021, ¶ 26 (Castillo, J. specially concurring in result) (citing *Doe* and concluding that "the phrase 'lawful discharge of his duties' refers to the discharge of an officer's duties as authorized by law and not to whether an officer mistakenly believed he had probable cause or reasonable suspicion"); *see also Dalton v. Santander Consumer USA, Inc.*, 2015-NMCA-030, ¶ 30, 345 P.3d 1086 (stating that "[a]ppeals in this Court are governed by the decisions of the New Mexico Supreme Court"), *rev'd on other grounds*, 2016-NMSC-035, ¶ 24, 385 P.3d 619. We therefore decline to follow *Phillips*, and hold, as we did in *Nemeth*, that the district court did not commit fundamental error in failing to instruct the jury to determine whether Deputy Padilla was lawfully discharging his duties.

## B.    Lesser-Included Offense

**{10}** Defendant next contends that the district court committed fundamental error by failing to instruct the jury on the lesser-included offense of simple battery sua sponte. *See* NMSA 1978, § 30-3-4 (1963). Defendant's argument here again is based on the premise that Deputy Padilla lacked probable cause and, as such, was not in the lawful

discharge of his duties—thus, Defendant contends a simple battery instruction was warranted. Regardless, even assuming that Defendant was entitled to an instruction on simple battery, Defendant's failure to request the instruction is determinative of this issue. *See Nemeth*, 2001-NMCA-029, ¶ 58 ("Given evidence to support it, the offense of battery is a lesser offense within the offense of battery upon a peace officer.").

**{11}** Our courts have generally declined to apply the doctrine of fundamental error to a defendant's failure to request an instruction on a lesser-included offense because the decision implicates trial strategy. *See State v. Boeglin*, 1987-NMSC-002, ¶ 15, 105 N.M. 247, 731 P.2d 943 ("We hold that, consistent with the constitutional guarantees of a fair trial, the defendant . . . may take his chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if he has gambled and lost."); *see also State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (stating that "[o]n appeal, we do not second-guess the tactical decisions of litigants"); *State v. Foster*, 1999-NMSC-007, ¶ 54, 126 N.M. 646, 974 P.2d 140 (noting that our courts "have declined to apply the doctrine of fundamental error to a defendant's choice of whether to have the jury instructed on lesser included offenses"), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

**{12}** While Defendant acknowledges this line of reasoning, he argues that cases like *Boeglin* are distinguishable because the defendants either invited the error or knowingly waived the giving of the lesser-included instruction, unlike the instant case, where "there is no evidence of a valid waiver." We, however, have not read *Boeglin* to require on-the-record waiver of an applicable lesser-included instruction. *See State v. Archuleta*, 1989-NMCA-022, ¶ 5, 108 N.M. 397, 772 P.2d 1320 ("We do not read *Boeglin* as holding that [the] defendant has a right to waive a lesser[-]included offense instruction but rather that he has the right to have a lesser[-]included offense instruction given where the evidence supports it."). Indeed, "we consistently have imposed upon the defendant the duty to make the tactical decision whether or not to seek jury instructions on [lesser-included offenses] supported by the evidence, and we repeatedly have held that the defendant cannot be heard to complain if the trial court instructed the jury as he desired." *Boeglin*, 1987-NMSC-002, ¶ 10. The failure to request the lesser-included instruction may very well have been the result of trial strategy in this case, as defense counsel, when asked by the district court if he had any objections to the State's tendered instructions, stated that he had none. Under these circumstances, and given Defendant's burden to demonstrate error, we find no basis to determine that fundamental error occurred because the district court did not sua sponte instruct the jury on simple battery.

## II.    Sufficient Evidence Supported Defendant's Conviction

**{13}** Defendant claims the State did not present sufficient evidence that Deputy Padilla was lawfully discharging his duties. Defendant predicates his sufficiency argument on his contention that Deputy Padilla was not in the lawful discharge of his duties because he lacked probable cause to arrest Defendant. Having rejected Defendant's argument that the jury should have determined whether Deputy Padilla was lawfully discharging his duties, the basis for Defendant's sufficiency argument fails. The

district court properly instructed the jury to determine, *inter alia,* that Deputy Padilla "was a peace officer and was performing the duties of a peace officer[.]" UJI 14-2211. As discussed above, whether Defendant's arrest was illegal for want of probable cause is irrelevant to this inquiry. It is axiomatic that a defendant cannot claim error for the State's failure to present evidence of a matter irrelevant to the jury's determination of guilt or innocence. *See State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("The test for sufficiency of the evidence is whether substantial evidence . . . exists to support a verdict of guilty beyond a reasonable doubt *with respect to every element essential to a conviction.*" (emphasis added) (internal quotation marks and citation omitted)). As Defendant does not argue there was insufficient evidence that Deputy Padilla "was a peace officer and was performing the duties of a peace officer" or any other element, we hold that sufficient evidence supported his conviction for battery on a peace officer.

### III. The District Court Did Not Abuse its Discretion in Limiting Defense Counsel's Closing Argument

**{14}** Lastly, Defendant argues the district court abused its discretion by limiting defense counsel's ability to discuss "police misconduct" or the circumstances surrounding the embezzlement charge. We address each limitation in turn.

**{15}** Defendant bases his first argument regarding the limitation on discussing "police misconduct" on the following exchange. Before closing argument, defense counsel asked the district court for "leeway to talk about police misconduct." The district court replied, "I think you can argue from the evidence presented in court whatever you want to with regard to the appropriateness or inappropriateness of what [Deputy] Padilla did." However, the district court stated that it was concerned about the use of the term "police misconduct" because the term was often associated with civil rights cases. After the district court told defense counsel that "you can argue whatever you want . . . but I don't think you can use the term 'police misconduct,' " defense counsel responded, "That's all I wanted to do ahead of time, is make sure that it was clear."

**{16}** We question whether Defendant preserved this argument, as he did not object to the district court's decision or explain why he wanted to use the term "police misconduct." *See* Rule 12-321(A) ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Gonzales v. Shaw*, 2018-NMCA-059, ¶ 14, 428 P.3d 280 ("In order to preserve an issue for review, a party must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon." (internal quotation marks and citation omitted)). In any event, we fail to see how the district court abused its discretion by prohibiting defense counsel from using the term "police misconduct." "Because trial judges are in the best position to assess the impact of any questionable comment, [appellate courts] afford them broad discretion in managing closing argument." *State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348; *see also State v. Chamberlain*, 1991-NMSC-094, ¶ 26, 112 N.M. 723, 819 P.2d 673 ("The district court has wide discretion to control closing argument, and there is no error absent an abuse of discretion or prejudice to [the] defendant."). In exercising

this discretion, the district court prohibited defense counsel from using a specific term but allowed defense counsel to argue "whatever [he] want[ed] to with regard to the appropriateness or inappropriateness of what [Deputy] Padilla did." Defendant fails to show how the district court's ruling was "clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). Nor does Defendant demonstrate how not being able to use the term "police misconduct" prevented him from effectively conveying his theory of the case to the jury. *See State v. Fish*, 1985-NMCA-036, ¶ 28, 102 N.M. 775, 701 P.2d 374 (examining whether the district court abused its discretion by limiting the time for closing argument and stating that "[b]efore an appellate court will interfere, however, the abuse must be clearly shown and must result in a denial of the accused's constitutional right to be heard"). Therefore, the district court did not abuse its discretion.

**{17}** Additionally, we see no abuse of discretion in prohibiting defense counsel from discussing the circumstances of the embezzlement charge. Before closing argument, defense counsel asked the district court, "The embezzlement [of] a motor vehicle [charge] was directed out . . . so I cannot go into any of those things at all?" The district court responded, "No. . . . it's irrelevant." We agree. Defendant contends that it was necessary to discuss the circumstances of the embezzlement charge because Deputy Padilla was not lawfully discharging his duties when he arrested Defendant without probable cause. However, as discussed earlier, the issue of whether Deputy Padilla arrested Defendant without probable cause is not relevant to the jury's determination of guilt or innocence for battery on a peace officer. Discussing the circumstances of the embezzlement charge and whether Deputy Padilla had probable cause only would have only served to confuse the jury. Thus, the district court did not abuse its discretion in limiting defense counsel's closing argument.

## CONCLUSION

**{18}** For the foregoing reasons, we affirm Defendant's conviction.

**{19} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**